ERASTUS GAY & ANOTHER, EXECUTORS: APPEAL FROM PROBATE.

Hartford Dist., Jan. T., 1892. CARPENTER, SEYMOUR, TORRANCE, FENN and J. M. HALL, Js.

It is provided by Gen. Statutes, § 658, that administration on an estate shall not be granted after ten years from the death of the intestate, "unless the court of probate, upon written petition and after public notice, shall find that administration ought to be granted." Where application is made for administration after the ten years, it is the duty of the court of probate to examine the reasons for it, and if it shall find that the claim upon which the application is based has no foundation, or that the appointment would not avail the petitioners if made, it is its duty, in the interest of economy and repose, not to make it.

Gen. Statutes, § 581, relating to the limitation of time for exhibiting claims against estates of deceased persons, provides that "when a right of action shall accrue after the death of the deceased, it shall be exhibited within four months after such right of action shall accrue, and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited." Held that where, at the time such right of action accrues, the estate is not represented by an executor or administrator, the period of four months does not begin to run until an administrator is appointed.

The decided weight of authority seems to establish the general rule that the statute of limitations will not begin to run against a claim until there is some one in existence who can sue and some one who can be

sued; this general rule being qualified by the further rule that parties cannot defer the running of the statute by their own laches.

[Argued January 8th—decided February 29th, 1892.]

APPEAL from a probate decree denying the application of the appellants for the appointment of an administrator *de bonis non* on the estate of Samuel S. Cowles, deceased; taken to the Superior Court in Hartford County. The court (*Robinson, J.,*) made a finding of the facts and reversed the decree of the probate court, and the original appellees appealed to this court. The case is fully stated in the opinion.

*T. H. Dewey,* of New York, for the appellants, (original appellees.)

*C. E. Perkins,* for the appellees, (original appellants.)

SEYMOUR, J. In the year 1873 Augustus Ward, William Gay, W. M. Wadsworth, Samuel S. Cowles, and five others, signed a bond to secure a bank against any loss from its discount of notes for a manufacturing company. In 1888 the company failed, and the bank sued William Gay upon the bond, recovering a judgment, which was paid by the executors of Mr. Gay, who had died, and by Mr. Wadsworth, equally, about June 1st, 1889.

The executors of Mr. Gay and Mr. Wadsworth then brought a bill in equity against the administratrix of Augustus Ward, which is now pending, in which it is alleged that the other five signers of the bond are insolvent, that Samuel S. Cowles is dead, and that his property has vested in his widow, who is insolvent, and claiming to recover from the estate of said Ward, by way of contribution, one third of the amount paid by the plaintiffs.

After the complaint was brought it was discovered that a part of S. S. Cowles's property had been received by his son, Horace Cowles, in 1873, that said Horace died in 1876, that Edward Norton was administrator on his estate, and

that a part of the property so received by Horace was distributed to Mary C. Hardy, who now holds a portion of it.

Thereupon the plaintiffs obtained an order of court and cited in Mary C. Hardy and Edward Norton as administrator, and asked that they be made parties defendant, claiming that Mary C. Hardy was liable to contribute in respect of the property formerly belonging to S. S. Cowles and which she had so received. They were made parties defendant, and both of them filed demurrers to the complaint, which were sustained, on the following ground, to wit:—

"Because it does not appear that any claim for contribution or otherwise for the money or any part thereof, alleged in the complaint to have been paid by the plaintiffs, was ever made upon, demanded of, or exhibited to, Horace Cowles, individually or as administrator of the estate of S. S. Cowles, or other personal representative of said estate, or that any judgment was ever obtained against said Horace individually or as administrator of said S. S. Cowles or in any other way, or against any other personal representative of the estate of said Samuel S. Cowles."

The plaintiffs then brought their petition to the court of probate, asking for the appointment of an administrator *de bonis non* on the estate of said Samuel S. Cowles, so that he might be made a party to the suit, or such action taken as was necessary. The court of probate refused to make such appointment, and this appeal was taken.

Samuel S. Cowles died in 1872. His estate was fully administered and settled by Horace Cowles, his son and administrator, and all of the estate was distributed to said Sarah M. Cowles, the widow, and to said Horace Cowles, the only child of the deceased, on the 7th of June, 1873.

Horace Cowles died in 1876 and his estate was fully administered and settled by Edward Norton, his administrator, and all of his estate was distributed on the 25th of September, 1876. Since the death of Horace no person has been appointed administrator in his place on the estate of Samuel S. Cowles. No claim has ever been presented or exhibited by the appellants to any administrator or executor of the

estate of Samuel S. Cowles for contribution for the sums so
paid by the appellants to the said bank or for any other
claim.

Mary C. Hardy now owns a part of the real estate of
which Samuel S. Cowles died seised, a portion of which she
received as one of the distributees of the estate of Horace
Cowles, and a portion of which she obtained by purchase
for a valuable consideration.

Upon the foregoing facts the original appellees claimed,
and asked the court to hold, that the appellants, as a matter
of law, were not entitled to have a new administrator ap-
pointed on the estate of Samuel S. Cowles, because the
claim and right of action thereon, which the latter were
seeking to enforce against his estate, accrued after his death,
to wit, on or about June 1st, 1889, and the claim was not
presented or exhibited to any executor or administrator of
said Cowles, within four months after such right of action
accrued, and was therefore barred by section 581 of the
General Statutes of Connecticut.

The court did not so hold, but rendered judgment for the
then appellants, reversing the decree of the court of pro-
bate.

With certain exceptions and provisions which do not
affect this case, section 658 of the General Statutes is as
follows:—"Administration of the estate of any person shall
not be granted, nor shall the will of any person be admitted
to probate, after ten years from his decease, unless the court
of probate, upon written petition and after public notice,
shall find that administration of said estate ought to be
granted or that said will should be admitted to probate."

In this case, as we have seen, the court of probate did
not find that administration on the estate of Samuel S.
Cowles ought to be granted, but, on the contrary, refused
to grant the petition therefor and appoint an administrator.
The Superior Court reversed that decree, and directed the
probate court to appoint an administrator. From the judg-
ment of the Superior Court an appeal was taken to this
court.

When application is made for administration of the estate of any person after ten years from his decease, the statute makes it the duty of the court of probate to examine the reasons for such application, and not to grant it unless, upon such examination, it shall find it ought to be granted. If it shall find that the claim upon which the application is based has no foundation, or that the appointment would not avail the petitioners if made, it is made its duty, in the interests of economy and repose, not to make it.

In this case an administrator was asked for in order that a claim for contribution might be presented and exhibited to him for the sums paid by the executors of Mr. Gay and by Mr. Wadsworth to the bank upon the bond described in the finding, and in order that such administrator might be made a party defendant to the complaint for contribution.

Upon the appeal it is claimed that the court of probate was right in declining to appoint an administrator, because, upon the facts of the case, the claim and right of action which are sought to be enforced against the estate of Samuel S. Cowles accrued after his death, to wit, on or about June 1st, 1889, and the claim was not presented or exhibited to any executor or administrator of his estate within four months after such right of action accrued, and was therefore barred by section 581 of the General Statutes.

If it is so barred it seems to us that the court of probate was not only justified in refusing, but required by the terms and intent of the statute to refuse administration, and that we ought to decide upon the correctness of that claim, and not hold that, because it is a difficult question to decide, administration should have been granted and the question whether the administrator had a right to allow the claim for contribution left for further litigation.

Section 581 of the statutes relates to the limitation of time for exhibiting claims against estates of deceased persons. One of its provisions is, that if any creditor shall neglect to exhibit his claim within such time as may be limited after the order of the court of probate to executors and administrators to cite creditors to bring in their claims, he

shall be forever debarred of his demand against the estate, "and when the right of action shall accrue after the death of the deceased, it shall be exhibited within four months after such right of action shall accrue, and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited."

It is beyond dispute that whenever this statute is applicable it is rigidly applied and strictly enforced. The general rule is that a failure to exhibit a claim within the time limited creates an absolute bar. The scope of the rule and the reasons for its rigid enforcement have been recently discussed by this court in *Cone* v. *Dunham*, 59 Conn., 145.

It is insisted, however, that the four months does not begin to run until there is an administrator to whom the claim can be exhibited, and this is the real question presented by the record.

The present appellants claimed that the limitation of the statute was not only peremptory and unyielding, but that it applied to this case.

In the latter proposition we think they are mistaken. The statute is conversant only with estates which are represented by executors or administrators. It is prescribing the rule for such estates. According to the ordinary rules of construction, the clause of the statute relied upon by the appellants, taken in connection with the entire section, provides that when a right of action shall accrue, after the death of the deceased, against an estate which is represented by an executor or administrator, it shall be exhibited within four months after such right of action shall accrue, though it may be after the time limited for the presentation of perfected claims has expired, and shall be paid out of the estate remaining after the payment of the debts exhibited within the time limited.

In this view of the matter we have no statute requiring that claims upon which a right of action accrues after the death of the deceased shall be exhibited within four months after they accrue, unless the estate is represented by an executor or administrator.

In the absence of a clear and positive statute the decided weight of authority seems to establish the general rule, that the statute of limitations will not begin to run until there is some one in existence who can sue, and some one who can be sued. This general rule is of course qualified by the further rule, that parties cannot defer the running of the statute by their own laches.

The latter rule was discussed before us by the present appellants. They did not, however, make the point in the trial court. That court did not pass upon the question of laches, and the record does not present that question to us. Their contention, as disclosed by the record, was that, as a matter of law, the claim was barred by the statute because not presented within the four months named therein, irrespective of any question of laches, or the existence of any executor or administrator.

Upon that point, for the reasons already given, we think they were mistaken.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.