FREDERICK E. COLBURN'S APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The mere fact that an action upon a note belonging to an intestate estate appears on its face to be barred by the statute of limitations, does not preclude the Court of Probate, in the exercise of a sound discretion, from granting administration to secure its collection, although more than ten years have elapsed since the intestate's death. Under such circumstances the Court of Probate has the power, and it is its duty, to determine whether the claim owned

by the estate is an existing and available one, and to grant or re-
fuse administration accordingly; and the Superior Court has a like
power and duty upon appeal.

Whether the debtor can be " aggrieved," within the meaning of § 406,
by a decree granting administration in such case, *quære*.

Argued October 30th, 1903—decided January 6th, 1904.

APPEAL from an order and decree of the Court of Pro-
bate for the district of Guilford appointing an administrator,
taken to the Superior Court in New Haven County and
tried to the court, *Elmer, J.*, upon demurrer to the reasons
of appeal; the court sustained the demurrer and dismissed
the cause, and the appellant appealed. *No error.*

*William L. Bennett* and *George H. Ennis*, for the appel-
lant (Frederick E. Colburn).

*Charles S. Hamilton*, with whom was *George E. Beers*,
for the appellee (the administrator).

TORRANCE, C. J.  In 1887 Jane Elliott, domiciled in
Guilford in this State, died there intestate.  In March, 1903,
for the first time, application was made to the Court of Pro-
bate for the district of Guilford for the grant of adminis-
tration and appointment of an administrator upon her estate.
In April, 1903, that court, after public notice and hearing,
passed an order granting said application.  At that hearing
Colburn appeared and objected to the passing of the order,
and moved an appeal therefrom.  In his written motion for
an appeal, which was filed in the Superior Court, are stated
at full length all the reasons of appeal that were ever filed
in that court.  These reasons are, in substance, the follow-
ing: (1) that the application was not made within ten years
after the death of Jane Elliott; (2) that it showed no good
reasons why it should be granted after the lapse of ten years
from the date of her death; and (3) that the only reason
alleged in it, for granting its prayer, was the existence of a
promissory note belonging to the estate of Jane Elliott, pur-
porting to be made by a partnership in which Colburn was a

partner, which note, when the application was brought, "appeared upon its face to have been barred of recovery by the statute of limitations." It was also alleged in said reasons of appeal, in substance, that Colburn was aggrieved by the order appealed from, because he would be put to expense in defending against said note.

The administrator demurred to the reasons of appeal on two grounds: that by them it appeared (*a*) that Colburn was not an aggrieved party within the meaning of the statute (§ 406) and (*b*) that property belonging to the estate existed which could not be recovered or made available without the aid of an administrator. The Superior Court sustained the demurrer "for the reasons therein stated," that is, upon both grounds of demurrer; but the memorandum of decision speaks more specifically of the first. The judgment proceeds upon all the grounds of the demurrer.

In the view we take of the case it is unnecessary to determine whether Colburn was or was not a party "aggrieved" within the meaning of the statute (§ 406) ; as we are satisfied that the judgment below was correct upon the other ground. Our statutes provide (General Statutes, § 321) that "administration of the estate of any person shall not be granted . . . after ten years from his decease, unless the court of probate, upon written petition and after public notice, shall find that administration of said estate ought to be granted." There are certain exceptions to this rule, but the case at bar does not fall within any of them. In the present case the Court of Probate, for the purpose of determining whether it would grant the application, had the power to determine whether the claim on which it was based was an existing and available one ; *Gay's Appeal,* 61 Conn. 445; *Chamberlin's Appeal,* 70 id. 363, 378; *Mack's Appeal,* 71 id. 122, 130 ; and it was its duty to do so; and on appeal the Superior Court had a similar power and duty. Such an application is addressed to the sound discretion of the court, and no hard and fast rules can well be laid down concerning the exercise of that discretion.

If the court finds that the claim upon which the application is based has no foundation, or that administration, if granted, will avail nothing, or will be used merely for some illegitimate or improper purpose, then, in the interest of economy and repose, administration ought not to be granted. *Gay's Appeal*, 61 Conn. 445, 449.

In the case at bar it appears of record that there is property in the shape of a promissory note belonging to the estate, which probably can be, and can only be, collected and made available by the aid of an administrator. It is true that on the face of the note recovery upon it appears to be barred by the statute of limitations; but there is nothing to show that such recovery was in fact so barred, or that the defense of the statute of limitations would be, or could be successfully, interposed. The record thus shows, in substance, that property of the estate exists which can only be made available by the grant of administration, and it shows little if anything else. The petition to the Court of Probate does not appear upon the record, nor, aside from what is alleged in the motion filed as the reasons of appeal, does it appear what other reasons than the existence of the note, if any, induced the Court of Probate to grant administration. Under these circumstances there is nothing on the record to show that the Court of Probate, in granting administration, erred, or abused the discretion confided to it, or that the Superior Court erred in affirming the probate decree.

There is no error.

In this opinion the other judges concurred.