The City of Galveston v. Pauline V. Gonzales.

No. 463.

1. Injury Caused by Obstruction of Streets — Liability over, of Obstructionist.—One injured by a fall of lumber piled in the street having sued the city for damages, the city impleaded the firm that piled the lumber, and the evidence showing that the lumber had been piled there for years, and that the attention of the city officers had been called to it, an instruction which assumed the liability of the city and authorized recovery by the city from the firm that piled the lumber, was properly refused.

2. Negligence per se.—In view of the fact that the placing of obstructions in the street was a positive violation of the ordinances of the city, the jury might have been instructed (had the facts in the case made it otherwise proper to do so) that the parties placing it there were guilty of negligence which would make them responsible for its consequences.

3. Obstructing Street with Knowledge of Corporation.— The lumber having been piled in the street for years before the plaintiff was hurt, and the attention of the city officers called to it, the inference is not a violent one that there was tacit consent and connivance by the city, and it can not be said that the city was a mere victim and guilty of no conscious wrong, and entitled to recover from one who was a joint wrongdoer.

APPEAL from Galveston.    Tried below before Hon. W. H. STEWART.

*Thomas J. Ballinger*, for appellant.—1. The court erred in refusing the special instructions asked by appellant, defendant in the court below. Piling of lumber in the street being in violation of the ordinances of the city of Galveston, constituted negligence per se on the part of A. J. Perkins & Co., and the jury should have been charged as requested by defendant.    Railway v. Hathaway, 83 Texas, 509; Handle v. Elliott, 60 Texas, 142; 46 Texas, 357; 64 Texas, 84; 56 Texas, 32; 65 Texas, 115; 70 Texas, 159; 75 Texas, 18; Railway v. Gascond, 69 Texas, 545, 744.

2. The court erred in that part of its charge wherein it was left to the jury to say whether or not A. J. Perkins & Co. were negligent, in which event they were instructed to find, in the event that they found a verdict for plaintiff against the city, over against the firm of A. J. Perkins & Co. in favor of the city of Galveston for the same sum as they should find against the city of Galveston.    Same authorities as above.

*Hume & Kleberg*, for appellee.—The city being, to say the least, a joint wrongdoer with A. J. Perkins & Co., and having full knowledge of the unlawfulness of the act of its joint tortfeasors, has no right of action against them.    City of Denison v. Sanford, 2 Texas Civ. App., 661; Railway v. Railway, 83 Texas, 509; 2 Willson's C. C., sec. 601; 4 Willson's C. C., sec. 164; Cool. on Torts, 147, 148.

*Labatt & Labatt*, for A. J. Perkins & Co.—A. J. Perkins & Co., defendants, were improperly impleaded in this cause in the court a quo; but as the court overruled their exceptions and forced them to trial, and the jury found that there was no negligence on their part, and rendered no verdict against them, and the court below refused a new trial on that ground, this court can not render any judgment against them or reverse the cause on that ground.    City of Denison v. Sanford, 2 Texas Civ. App., 661; Sedg. on Dam., 734, note 2; Cool. on Torts, 170; Add. on Torts, 95.

WILLIAMS, ASSOCIATE JUSTICE.—This was a suit against the city for damages resulting to appellee from the falling upon her of lumber which the city had negligently allowed to be placed and to remain in one of its streets.    A. J. Perkins & Co. were impleaded by the defendant, upon the allegation that they had negligently placed the obstruction in the street, and with the prayer that in case plaintiff recovered against defendant, judgment be rendered in its favor over against them.

Both plaintiff and Perkins & Co. excepted to the plea of the city seeking to bring Perkins & Co. into the suit, but the court overruled such exceptions and held them to have been properly made parties.    The cause was tried by jury.    The court in its charge submitted, first, the

question of the liability of the city to the plaintiff, and then instructed, that if "the said pile of lumber was put where it was in the street, or caused to be put there by A. J. Perkins and C. H. Moore, composing the firm of A. J. Perkins & Co., and that it was an act of negligence in their obstructing the street, and that by their negligence the plaintiff, Pauline Victoria Gonzales, was injured, then in case you find in her favor for damages against the city of Galveston, then you should also find a verdict in favor of the city of Galveston against said firm of A. J. Perkins & Co. for the same sum as you find in favor of the plaintiff, Pauline Victoria Gonzales."

The defendant requested the following special charge, which was refused: "If you find that the lumber the fall of which is alleged to have caused the injury of the plaintiff was placed in the street by A. J. Perkins & Co., and the same constituted a violation of the ordinances of the city of Galveston, then such act of A. J. Perkins & Co. would be negligence, for which they would be liable over to the city of Galveston in the event you should find a verdict against the city in behalf of the plaintiff."

The jury returned a verdict in favor of the plaintiff against the city, but saying nothing about A. J. Perkins & Co.

Upon this, judgment was rendered discharging Perkins & Co.

The city in its appeal has assigned only two errors, viz., the instruction in the charge quoted above and the refusal of the special charge.

We are not asked by these assignments to determine whether or not the court should have granted a new trial upon any other grounds, but are to determine whether or not there was reversible error in giving and refusing instructions.

It will be seen that the only substantial difference between the charge given and that refused is that the former submitted to the jury whether or not Perkins & Co. were guilty of negligence in putting the lumber in the street, while the latter instructed that such act would constitute negligence. In view of the fact that the placing of such obstructions in the street was a positive violation of the ordinances of the city, the jury might very well have been instructed, if the case was otherwise so as to make it proper to do so, that the parties placing it there were guilty of negligence which would make them responsible for its consequences. In this respect, however, the charge given was not positively erroneous, unless there was an error in appellant's favor.

In determining whether or not the special instruction should have been given, inasmuch as it assumed that the city would be entitled to a recovery, as a necessary consequence, if Perkins & Co. caused the obstruction, we must inquire whether or not the facts showed beyond controversy that the city had such right. If there was any view of the case under which a verdict against its claim for indemnity could have been rendered, the charge was correctly refused.

The general rule is, that one of several wrongdoers can not, after he has paid for the consequences of the act, have the aid of the courts to secure a contribution or indemnity from another. The reasons upon which the rule is founded furnish the guide for its application.

The rule is the result of an application of the principle, " that no man can make his own misconduct the ground for an action in his favor. If he suffers because of his own wrongdoing, the law will not relieve him. The law can not recognize equities as springing from a wrong in favor of one concerned in committing it." Cool. on Torts, 144. But the rule applies only in cases where the party seeks contribution or indemnification for an act which he knew or must be presumed to have known was unlawful. Cool. on Torts, 148.

Mr. Bishop states the rule thus: " We have seen that in cases of conscious wrong, one who has paid the whole can not compel contribution from the others, because the courts sit to enforce the laws and not to assist men to break them; but where the injury was unmeant, there may be contribution; for there the liability comes from the law's adjustment of rights between the parties, and not from the purposed law breaking. There is another class of cases wherein, as between the parties, the sole responsibility is on one, while another is simply liable with him to the person injured; then, if there is no obstruction from the principle just stated, when the latter has been made to pay, he can recover the whole of the former. A familiar example of this is where one has obstructed a street, then a third person has been injured, and has obtained damages; here the corporation was the mere victim, and after having paid the damages may recover them of the original wrongdoer. But if the one seeking indemnity partook consciously in the wrong, his suit will fail." Bish. on Non-Con. Law, secs. 535–556.

In this case Perkins & Co. were the original wrongdoers, and whether or not the city could recover indemnity of them must depend on the question whether or not it partook " consciously in the wrong." The evidence shows that for years before the plaintiff was hurt, Perkins & Co. had kept lumber piled at this place, with the knowledge of the city authorities; that on the complaint of a citizen, at one time, a clerk of Perkins & Co. was ordered to remove the lumber, and that he did remove some of it for a short while, but soon put other lumber there, and kept it there continuously up to the time when plaintiff received her injury. This notice was given in the " winter of 1889," which may have been more than a year, and must have been more than four months, before the accident. There was evidence from which the jury might have inferred that it was the habit of lumber dealers to keep timbers piled in the streets and on the sidewalks. This must have been done with the knowledge of the city government. The inference would not be a violent one that there was a tacit consent and connivance by the city in such use of its streets.

Under this state of facts, can it be said that it was shown beyond controversy that the city was guilty of no "conscious wrong," but was a mere victim, or that it participated in an act which it supposed to be lawful?

We think not. The habitual piling of such obstructions in the streets was an open violation of the ordinances, and was in itself unlawful. The act or omission from which the injury ensued did not consist in the negligent doing of a lawful act, nor was such act or omission one which the parties concerned could believe to be lawful, as was the case in the decisions referred to by Judge Cooley and Mr. Bishop, and in the briefs of appellant.

The special charge was therefore too broad in its application to the facts of this case, in that it did not contain a qualification called for by such facts.

We do not mean to hold that in no case could a city be allowed to recover of one who has placed in its streets an obstruction which has caused an injury for which it has been compelled to pay. So long as the facts do not warrant the charge that the city has connived at and assented to the maintenance of the nuisance, it should, we think, be entitled to indemnity from the perpetrator of the wrong. But where it is thus a participant in the violation of the ordinances, it would be against sound policy to recognize a doctrine which would enable it to shield itself from the consequences of its own wrong, so long as it could rely upon the responsibility of solvent parties to reimburse it.

This, we think, is the fair application of the law as laid down in the authorities.

In the present attitude of the case, we need not decide whether or not it was the proper practice to implead Perkins & Co. in this suit, and to give judgment against them before the city had paid the damages recovered against it.

*Affirmed.*

Delivered March 15, 1894.