## CITY OF OMAHA v. ARMOUR & CO.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1912.)

### No. 3,575.

1. INDEMNITY (§ 15*)—PETITION—STATEMENT OF CAUSE OF ACTION.

Where the plaintiff in an action against a city for a personal injury caused by the blowing down of a billboard alleged that the billboard was dangerous because of original improper construction, and also because of decay and failure to repair, and a general verdict was returned for plaintiff, the petition in an action by the city on the judgment to recover over against the original owner of the billboard does not state a cause of action, unless it alleges facts showing that defendant was legally responsible on both grounds.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. § 15.*]

2. INDEMNITY (§ 13*)—LIABILITY FOR INJURY—PROXIMATE CAUSE.

A person injured while walking on a street of a city by the blowing down of a billboard erected on private property sued and recovered a judgment against the city, which the latter paid, and then brought an action to recover over against defendant, which constructed the billboard, on the ground that it had been negligently permitted to become out of repair and dangerous. It was shown that defendant had sold and delivered possession of the billboard to another person seven months before the injury occurred. *Held* that on such facts plaintiff could not recover, since, even if the dangerous condition existed at the time of defendant's sale, it became the duty of the purchaser to make the repairs, and his negligent failure to do so intervened, and was the proximate cause of the injury.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action at law by the City of Omaha against Armour & Co. Judgment for defendant, and plaintiff brings error. Affirmed.

W. H. Herdman and W. J. Connell (John A. Rine, on the brief), for plaintiff in error.

T. J. Mahoney (J. A. C. Kennedy, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. Bemis, while walking along a public thoroughfare in Omaha, Neb., was injured by a billboard being blown over by a high wind. The billboard had been erected on private property near the street line. Bemis sued the city for damages and the city

---

notified Armour & Co., a corporation, to come in and defend. Armour & Co. did not appear, Bemis obtained judgment, and the city, having paid it, brought the present action against the company for reimbursement. When the issues in this case were made up, the company moved for and was given judgment on the pleadings, of which the city now complains.

The city relies on the judgment obtained by Bemis as conclusive against the company of the fact of the injury, its cause, and extent. Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427; Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712. But whether the company is liable to the city depends upon its connection with the cause of the accident and the issues which were determined in the Bemis action. The pleadings in the present action, upon which the trial court held against the city, show that the billboard was erected in November, 1899, by a copartnership the members of which caused Armour & Co. to be incorporated in April, 1900, and became its sole stockholders. The company took over the billboard with the other partnership property and owned and used it until September, 1901. It then sold it to the firm of Harrison & Morton who continued to own and use it until April, 1902, when its fall injured Bemis. It will be observed that the company had nothing to do with the structure for seven months prior to the accident.

[1] The pleadings also show that Bemis, in his action against the city for failure to perform its duty with respect to the safety of public highways for travel, charged that the billboard was dangerous, first because of original improper construction, and, second, because of decay and failure to repair at the time of the accident, and that this condition had existed long enough to affect the city with notice. The verdict of the jury in that case was general, and it does not appear by any averment in the pleadings whether Bemis recovered on both grounds or but one, nor, of course, if but one, which one, therefore, according to a familiar rule, the company is not concluded by the result, unless it was legally responsible for both grounds. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. In other words, the conclusiveness of the judgment upon the company, not a party to the action, but notified to defend, depends upon its responsibility for every specified negligent act or omission upon which the verdict in the Bemis case might have proceeded, for, if there be one not attributable to the fault of the company, it may have been, for aught we know, the very one which influenced the jury. Therefore we will refer only to the second charge of negligence made by Bemis against the city, and for the purposes of the present case it should be regarded as the foundation for his verdict and judgment. In this connection it should be said that the present action is not an original, independent one by the city for negligence of the company. Were it of that character, the statute of limitations would be an effective bar. On the contrary, it is founded on the judgment of Bemis against the city, the primary responsibility of the company for the particular negligent act or omission which caused his injury and on account of which he recovered, and the duty of the company to hold the city harmless from the loss

so caused. Extrinsic evidence would be admissible to show this primary responsibility of the company, but not to show it guilty of some other negligence not involved in the Bemis action, and the averments of the pleadings before us must be similarly restrained.

[2] It is quite apparent that if the billboard had become dangerous to passers-by solely through neglect to repair the decay and ravages of time, and, as Bemis averred, that condition had existed sufficiently long to have charged the city with notice, the city was liable; but liability of the company which parted with its ownership seven months before would not necessarily follow. The complaint of Bemis might have been fully sustained by proof of a dangerous condition for a period before the accident of much less than seven months. During that period the duty to repair rested on the owners, Harrison & Morton, not on the company. To avoid this conclusion, the city avers in the present action that the condition of the billboard at the time of the accident also existed during the time the company owned it. This averment is contrary to common knowledge of the progressiveness of decay of such structures, but, taking it at its face, it must still be said that no accident happened while the company owned or controlled the billboard, and its failure to repair does not appear to have been the negligence which resulted in the judgment of Bemis against the city. There is no claim that the sale by the company was not in good faith, or that it retained any interest whatever or control over the property. It could not thereafter have lawfully made alterations or repairs or otherwise interfered with the exclusive dominion of the owners. There are cases which hold that where a person erects or creates on his premises a permanent or continuing nuisance a sale will not absolve him from responsibility, but the case here is not of that character. In the phase of the case we are considering and which is controlling the billboard must be regarded as having been originally a lawful, proper structure. It became dangerous only through failure to maintain it in good repair. The duty to repair was an incident to ownership or control, and there was neglect for a period, while the company had neither, long enough to have constituted the negligence specified in Bemis' petition and to have been the proximate and efficient cause of his injury. True, according to the averment of the pleadings, the condition of disrepair began when the company owned the billboard. Counsel say it "originated" then. But that is not like the erection or creation of a permanent or continuing nuisance within the doctrine of the cases referred to. As already observed, no injury came of it. The ownership and control of Harrison & Morton, the accompanying duty, and their neglect to discharge it intervened.

The judgment is affirmed.