## EDWARD S. PLASIKOWSKI *vs.* JACOB ARBUS.

First Judicial District, Hartford, March Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

It is assumed that one who accepts employment as a chauffeur is familiar with the ordinary parts of an automobile, and is a competent driver. Accordingly, if the brakes on his car become defective and fail to hold, and because of such defect the car runs into and injures a pedestrian, the employer is not liable in damages to his employee for expenses incurred by the latter in defending himself against a prosecution for reckless driving and for assault and battery; for under such circumstances the defect in the brakes is at least as obvious to the operator as to the owner of the car, who therefore is under no legal obligation to warn the driver of the danger, nor to instruct him in matters which, it may fairly be supposed, he understands as well as if not better than his employer.

Argued March 8th—decided April 30th, 1918.

ACTION by a chauffeur against his employer to recover expenses incurred by the plaintiff in defending himself against a criminal charge of reckless driving and of injuring a pedestrian in the highway, a result alleged to be due to the insufficient and defective brakes upon the car, a fact alleged to be known to the defendant but not to the plaintiff, and for damages for the humiliation caused by the plaintiff's arrest and prosecution upon said charges,—brought to the Court of Common Pleas in Hartford County where a demurrer to the complaint was sustained and judgment rendered for the defendant (*Markham, J.*), from which the plaintiff appealed. *No error.*

The complaint in question, consisting of two counts, contains a statement of the facts upon which the plaintiff relies. The defendant, by demurrer, contends that these facts are insufficient to constitute a cause of action. The court below sustained the demurrer, and we are to inquire whether it erred in holding as it did.

The material allegations of the first count, relied upon, are that in 1916 the defendant employed the plaintiff as a chauffeur to operate the defendant's automobile; that the plaintiff entered upon such employment and operated this automobile in various parts of Connecticut as directed by the defendant; that "when the plaintiff entered upon said employment and began to operate said automobile, the same was in such a defective condition that it was not only unsafe but dangerous to use the same in public streets or highways where there was any considerable travel, said condition being due to defective brakes which were wholly insufficient to enable the plaintiff or any operator to control said automobile, which condition was unknown to the plaintiff, but was well known to the defendant"; that "while operating the same in and through the Town of Cromwell, and because of the inability of the plaintiff to control said automobile, caused by the aforesaid defective condition of said automobile, the said automobile struck and seriously injured a female pedestrian"; that the plaintiff, by reason thereof, although he was wholly innocent, was charged by the State of Connecticut with reckless driving and with assault and battery; that he was compelled to and did employ an attorney to defend him and protect his rights, and that he necessarily expended for the fees of his attorney, stenographic fees, and transportation, the sum of $160. The allegations of the second count do not differ in substance from those of the first, except in claiming damages for the great humiliation suffered by the plaintiff on account of his arrest.

*John J. Dwyer,* for the appellant (plaintiff).

*Birdsey E. Case,* for the appellee (defendant).

RORABACK, J. The cause of action in the case now before us is based upon the assumption that the defendant's negligence subjected the plaintiff to arrest, the expense of defending himself, and to humiliation caused by such arrest. As bearing upon this claim the plaintiff contends that "there was an implied contract on the part of the defendant to indemnify the plaintiff for his loss in defending himself, and for the damage otherwise sustained." An employer is under no obligation to warn an employee of dangers which are obvious, nor to instruct him in matters which he may fairly be supposed to understand. Nor is it the duty of the master to admonish his servant to be careful, when the servant knew or ought to have known the danger and the importance of using care to avoid it. *McGorty* v. *Southern New England Telephone Co.*, 69 Conn. 635, 643, 38 Atl. 359. As stated by Morton, J., in *Kenny* v. *Hingham Cordage Co.*, 168 Mass. 278, 282 (47 N. E. 117): "The question in each case is not whether the employee has actually observed and by a conscious act of the will assumed all of the risks involved, but whether the risks are incident to and naturally grow out of the employment in which he is engaged, and are such as, taking his age, intelligence, and experience into account, he must be held to have appreciated if he saw, and such as, if he did not see, he could have seen and understood if he had looked. If the risks are of this character, then they are said to be obvious, and the employee assumes them." See, also, *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548. It appears that the plaintiff was not a boy placed by the defendant in the performance of labor with which he was unfamiliar. From the position which he occupied we must assume that he was a person faimliar with the ordinary parts of an automobile and that he was a competent operator. From information which the

plaintiff's complaint affords, it appears that he had driven this particular automobile through various parts of Connecticut when it was in the same condition as on the day of the accident. The elements of danger upon which the plaintiff now relies must have been visible to him, and it cannot now be supposed that his management of this automobile at the time of the accident would have been affected by any information that the defendant could have given him as to the alleged defect. Much less could the defendant have had reason to believe that a man of the plaintiff's knowledge, skill and experience with his automobile, who knew or ought to have known much more about its brakes and the danger connected with the operation of the machine than the defendant, need be told of the possibility that some person might be injured because of the defect upon which the plaintiff now bases his cause of action. In other words, upon the most favorable view of the plaintiff's case which can be taken from his own statement of the facts, there was no information which the defendant could have imparted to the plaintiff which he did not already possess, or by ordinary observation could not have obtained. Under such circumstances, it was not the duty of the defendant to admonish the plaintiff of the danger which the plaintiff knew or should have known. Certainly there was nothing in the situation that was not as obvious to the plaintiff as it was to the defendant. The complaint, viewed in this aspect, shows it to be insufficient. It fails in not showing that there was any duty on the part of the defendant to notify the plaintiff of this alleged defect. It is clear from the plaintiff's own statement of his case that the danger upon which he now relies was an obvious risk, incident to his employment by the defendant, and as such was assumed by the plaintiff.

There are several other important questions suggested by the demurrer which do not now require our consideration.

There is no error.

In this opinion the other judges concurred.