**DISTRICT OF COLUMBIA v. VIGNAU
et al.**

No. 8678.

United States Court of Appeals
District of Columbia.

Decided July 17, 1944.

Writ of Certiorari Denied Dec. 4, 1944.

See 65 S.Ct. 270.

Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Messrs.

Richmond B. Keech, Corporation Counsel, District of Columbia, and Chester H. Gray and James W. Lauderdale, Assistant Corporation Counsel, District of Columbia, all of Washington, D. C., were on the brief, for appellant.

Mr. Joseph T. Sherier, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

Maragaret McCathran sued in the District Court to recover damages for personal injuries suffered as a result of tripping over a protruding stopcock box which had been installed in the sidewalk parking space adjacent to premises at 4801 Georgia Avenue, N. W., in the District of Columbia; she named as defendants, the District of Columbia, the Sanitary Grocery Company, which occupies the premises, and appellees who own them. The District filed an answer and a cross complaint against appellees and the Sanitary Company. The jury found a verdict against the District and a judgment was entered accordingly. On this appeal the District concedes that Margaret McCathran was entitled to recover damages from someone; it concedes that a verdict was properly directed in favor of the Sanitary Company; but it challenges the action of the court in directing a verdict for appellees.

Appellant says the evidence clearly established that appellees, ten years before the date of Margaret McCathran's injury, installed the stopcock box in such manner as to create a dangerous obstruction, which continued to exist in its original condition until the accident happened; that having created the nuisance they are liable for injuries resulting therefrom; that the District was held liable solely upon the theory it neglected to keep its street in a reasonably safe condition; hence, that it is entitled to indemnification upon the authority of Washington Gas Light Co. v. District of Columbia,[1] or to contribution under the doctrine of George's Radio, Inc. v. Capital Transit Co.[2] But those decisions constitute no guide for the present case. In the first, the liability of a joint tort-feasor had been established; in the second, it had been established that the Washington Gas Light Company was primarily responsible for the negligence or wrongful act which caused the injury.

■ Unless such primary responsibility for the negligence or wrongful act is established there is no liability for indemnification.[3] Specifically, a municipality cannot recover over for damages caused by an obstruction for which it alone is responsible; as where the duty of construction or making repairs is on the municipality and the injuries are caused by defects which it negligently permits to continue;[4] or where it has not ordered or directed repairs to be made, as required by ordinance.[5]

■ The present case turns on a preliminary question which is equally pertinent whether recovery is sought by way of contribution or of indemnification. The rule which must be applied in answering this question has been stated by the Supreme Court as follows: "We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover. * * * When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those

[1] 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712.

[2] 75 U.S.App. 187, 126 F.2d 219.

[3] Lowell v. Glidden, 159 Mass. 317, 34 N.E. 459; City of Lincoln v. First Nat. Bank, 67 Neb. 401, 93 N.W. 698, 60 L.R.A. 923, 108 Am.St.Rep. 690. Cf. City of Des Moines v. Barber Asphalt Co., D.C.S.D.Iowa, 208 F. 828; Boston v. Gray, 144 Mass. 53, 10 N.E. 509.

[4] Jansen v. Atchison, 16 Kan. 358, 385–387; City of Galveston v. Gonzales, 6 Tex.

Civ.App. 538, 25 S.W. 978. Cf. Plasikowski v. Arbus, 92 Conn. 556, 103 A. 642, L.R.A.1918E, 415.

[5] City of Galveston v. Gonzales, 6 Tex. Civ.App. 538, 25 S.W. 978; Keokuk v. Independent District of Keokuk, 53 Iowa 352, 5 N.W. 503, 36 Am.Rep. 226; City of Hartford v. Talcott, 48 Conn. 525, 40 Am.Rep. 189; City of St. Louis v. Connecticut Mut. Life Ins. Co., 107 Mo. 92, 17 S.W. 637, 28 Am.St.Rep. 402.

propositions against the other is necessarily wrong." [6]

Appellees contend that from the evidence in the present case the jury might, with equal propriety, have found the acts complained of, i. e., installing the stopcock box and its cover above the surface of the paved parking space, were done either by the Sanitary Company, the District, or appellees; consequently, that *three* inconsistent propositions were in issue; hence, that the trial court properly instructed the jury, under the rule and as a matter of law that the verdict must go against the District upon the issues presented by its cross complaint. The contention of the District in reply—that its liability was established solely upon its failure "to fulfill its duty to use reasonable care to keep its streets in a reasonably safe condition"—finds no support in the verdict or in the issues as made by the pleadings. The jury found, generally, "the issues aforesaid in favor of the plaintiff" and against the District. Those issues involved both improper installation and improper maintenance; and both issues were made against the District as well as against appellees and the Sanitary Company. The only instruction of the court to the jury upon the question of liability which appears in the record reads as follows: "Ladies and gentlemen, the Court is of the opinion that there is no liability in this case against the Sanitary Grocery Company or against either Mr. or Mrs. Vignau. The Court does not intimate that there is no liability on the part of the District of Columbia; that is a matter for you to decide." Consequently, we have no reason, on this account, to say that the verdict fixed the District's liability on one ground to the exclusion of the other.[7]

Neither is the District's contention, that appellees are primarily responsible, supported by its own pleadings. In its cross complaint the District alleged—not in the alternative—but equivocally and ambiguously that "cross-defendants Vignau *or* the cross-defendant, Sanitary Grocery Co., Inc., paved or caused to be paved the public parking lying between the existing public sidewalk and said building, without first having obtained a permit from this defendant so to do; * * * that at the time of the paving of said parking the cross-defendants, *or* either of them, negligently left or caused to be left the said stop-cock box and cover thereof, above the surface of the paved parking, and maintained the said stop-cock box and cover thereof above the surface of the said paved parking, in violation of the following plumbing, water, police and other regulations * * *. And cross-plaintiff says that if the injuries plaintiff alleges she sustained were due to *the failure of the cross-defendants, or* either of them, to comply with said regulations, or to negligence on the part of said cross-defendants, *or either of them* in failing to keep and maintain the said water stop-cock box of said premises in good repair and position, and if said plaintiff recovers a judgment in this cause against the defendant and cross-plaintiff, District of Columbia, because of the accident and injuries set forth in the complaint, this cross-plaintiff will be entitled to recover said damages against said defendants, Vignau, *or* said Sanitary Grocery Co., Inc., *or* either of them *or* all of them. Wherefore, the cross-plaintiff, District of Columbia, demands judgment against the cross-defendants, Vignau, *or* against the cross-defendant, Sanitary Grocery Co., Inc., *or* against all of said cross-defendants, for such sums as it may be condemned to pay as damages to the plaintiff, together with costs." [Italics supplied]

Upon this pleading the District chose to stand throughout the trial. There was no election upon its part as between *three* mutually inconsistent propositions pleaded therein: (1) That appellees alone were primarily responsible; (2) that the Sanitary Company alone was primarily responsible; (3) that appellees and the Sanitary Company were jointly responsible. There was no motion to amend or conform the pleadings to the proof.[8] Only when the District chose to appeal from the judgment of the trial court did it elect to hold appellees alone. But this election comes too late to escape the effect of the rule; because that rule operates at the trial court

6 Pennsylvania R. R. v. Chamberlain, 288 U.S. 333, 339, 340, 53 S.Ct. 391, 393, 77 L.Ed. 819.

7 See City of Omaha v. Armour & Co., 8 Cir., 196 F. 885, citing Russell v. Place, 94 U.S. 606, 24 L.Ed. 214, and distinguishing Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712.

8 Federal Rules of Civil Procedure, Rule 15 (b), 28 U.S.C.A. following section 723c.

644

level; specifically, at the point where the trial judge applied it in directing a verdict—as a matter of law—against the District. At that point there were *four* inconsistent propositions in issue: The three stated above and the fourth, namely, that the District alone was responsible for installing and maintaining the obstruction. The trial judge was satisfied that no one of the three pleaded by the District had been sustained by the evidence. The jury was satisfied that the fourth had been sustained, by the evidence, against the District. We are asked now to say, in the face of all this, that the evidence clearly established another one of the four propositions; namely, that appellees *alone* were responsible for creating the obstruction. This we are unable to do. While there was some evidence tending in that direction; while there would have been, perhaps, enough evidence to take the case to the jury if only one of the four propositions had been in issue, under the rule applicable in such a situation;[9] that is not the situation of the present case, and an entirely different rule is applicable here. The record fails to show that the District maintained its burden. Consequently, the trial court properly directed a verdict in favor of appellees.

Affirmed.

EDGERTON, Associate Justice (dissenting).

In my opinion the evidence made it probable, and would therefore have supported a finding, that appellees created the dangerous condition. Moreover I think it immaterial whether they or Sanitary created it, and I find no evidence that the District created it. I think the owner and not the District is primarily liable for injuries caused by lack of reasonable care to maintain in safe condition the space between a public sidewalk and a building. In other words the District, though liable to the person injured, is entitled to indemnification from the property owner. The owner rather than the District derives benefit from this space, and the owner has more opportunity than the District to know what conditions exist there and to exercise judgment as to whether they are dangerous. I see nothing in the pleadings which should prevent us from enforcing the District's right to indemnity.

---

[9] Shewmaker v. Capital Transit Co., — U.S.App., —, 143 F.2d 142, and authorities there collected.