**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**No. 4237.**

District of Columbia Court of Appeals.

Argued June 10, 1968.

Decided Nov. 29, 1968.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

This appeal challenges the granting of appellee's motion for summary judgment on its complaint for contribution and the dismissal of appellant's counterclaim for indemnification.

In an independent action a jury returned a verdict of $1500 in favor of an injured pedestrian against both the District of Columbia and D. C. Transit System, Inc. No appeal from the judgment entered was taken by either defendant. The District nevertheless refused to pay any part of the judgment and, as a result, Transit paid the judgment in full and filed the instant suit against the District for contribution of its proportionate share of the claim. The District counterclaimed for indemnification. [1] Transit's motion for summary judgment on its claim for contribution, argued before a judge who had not heard the original case, was granted. Transit's later motion to dismiss the District's counterclaim for indemnification, heard by yet another judge, was also granted on the ground that there can be no indemnification between tortfeasors. Both rulings are before us for review.

The basis for the denial that Transit is entitled to contribution, and for the District's counterclaim for indemnification, is that the driveway where the pedestrian fell was constructed by Transit's predecessor in title across public space for ingress and egress to its terminal for Transit's own special use and economic gain in the operation of its business. The District argues,

therefore, that while it may be liable to an injured pedestrian by reason of its primary duty to keep the streets safe for the public, it can, if given the opportunity, present facts sufficient to prove that its liability in this case is secondary to that of Transit. Transit, however, insists that the District is concluded on this issue for the reason that it was litigated and decided in the prior case.

■ Unquestionably there are instances in which there can be indemnification between joint tortfeasors, one such instance being in "cases in which a municipal corporation is held liable to a person injured by defects in a highway and is allowed to secure reimbursement from the parties who created the defect * * *" George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 190, 126 F.2d 219, 222 (1942), citing Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712 (1896). [2] The question is whether in this case there has been a prior adjudication of the relative liability, as between themselves, of Transit and the District.

In Lowery v. Muse, D.C.Mun.App., 151 A.2d 263, 265 (1959), [3] this court said that

The overwhelming weight of authority holds that a judgment for a plaintiff against two or more defendants is not conclusive of the rights of the defendants in a subsequent action between those defendants, unless their rights were expressly put in issue in the first action by cross-complaint or other adversary pleadings.

1. The premise of the counterclaim is that if the District is held for contribution, it then is entitled to be indemnified by Transit.

2. For an explication of the law of contribution and indemnification between joint tortfeasors see generally George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422 (1918); General Heating Engineering Co. v. District of Columbia, 112 U.S.App.D.C. 225, 301 F.2d 549 (1962); District of Columbia v. Vignau, 79 U.S.App.D.C. 188, 144 F.2d 641, cert. denied, 323 U.S. 781, 65

S.Ct. 270, 89 L.Ed. 624 (1944); Great Am. Ins. Co. v. Evans, 269 F.Supp. 151 (N.D.Cal.1967); Cokas v. Perkins, 252 F.Supp. 563 (D.D.C.1966); District of Columbia v. Nordstrom, 117 U.S.App. D.C. 165, 327 F.2d 863 (1963); Aetna Cas. and Sur. Co. v. Porter, 181 F.Supp. 81 (D.D.C.1960); Hecht Co. v. District of Columbia, D.C.Mun.App., 139 A.2d 857 (1958); Restatement of Judgments §§ 70, 106.

3. See also Greyvan Lines v. Nesmith, D.C. Mun.App., 50 A.2d 434 (1946).

Our problem here is that the record before the trial court, and before this court, does not show to what extent the rights of Transit and the District, *inter se,* were put in issue in the prior action. The complaint in that action alleged that

> Plaintiff, a passenger for hire on a D.C. Transit bus, alighted from the bus, stepped from the curbing of the sidewalk adjacent to the terminal . . . and fell on a dangerous, defective, and depressed area in the street, which had been negligently maintained and permitted by Defendants.

■ Transit's amended answer denies negligence and alleges the sole or concurrent negligence of the District. The District's answer denies negligence and alleges the joint or concurring negligence of plaintiff and Transit. No cross claims were filed. In the pretrial statement plaintiff alleges that both defendants had a duty to maintain the "roadway" and to keep it safe for the general public.[4] The statement also contains a defensive allegation by the District that "the area where pltf fell was used for the use and benefit of the deft D.C. Transit System." However, we do not have the benefit of a transcript of the testimony or of the court's complete instructions to the jury, so that the issues actually tried and submitted to the jury are unclear. There is no way to determine, for instance, whether the case was sent to the jury against both defendants on a theory of primary and secondary liability, on a theory of independent and concurrent acts of negligence, or on a theory that the alleged defect existed partly on private and partly on public property. Transit says that the lia-

bility of defendants, *inter se,* was in issue and decided. The District says it was not. In our judgment, this disagreement should not have been resolved as a matter of law on the basis of an incomplete record which reveals the existence of material issues of fact. Early Settlers Insurance Co. v. Schweid, D.C.App., 221 A.2d 920 (1966). Accordingly, we hold it was error to grant the motion for summary judgment.

■ The counterclaim for indemnification was properly dismissed because that action is premature.[5] The District has not yet paid any money, and while it could have filed a cross claim for indemnity or contribution in the first action under GS Civil Rule 13(f),[6] it failed to do so. Therefore, we think the general rule that the right to sue for indemnification (absent a specific contract for indemnity to the contrary) accrues when payment has been legally made by the indemnitee applies here. 42 C.J.S. Indemnity § 25 (1944). However, in reversing the grant of summary judgment and ordering the complaint for contribution reinstated, the entire controversy will be resolved. If contribution is given, then it necessarily follows that the District is not entitled to indemnification, as the two are mutually exclusive. If contribution is denied, the District will have nothing to be indemnified against since Transit has already paid the full judgment.

Accordingly, the dismissal of appellant's counterclaim is affirmed and the granting of the motion for summary judgment is reversed with directions to reinstate the complaint.

So ordered.

---

4. Specifically, the negligence alleged is: "Creating, permitting and maintaining a large depression and hole in the crosswalk adjacent to the public sidewalk; failing to repair the sidewalk (that is, the crosswalk over which pedestrians and passengers from bus must walk)."

5. An appellate court may affirm for reasons other than those given by the trial

court. Paton v. District of Columbia, D. C.Mun.App., 180 A.2d 844 (1962).

6. Cf. District of Columbia v. Vignau, 79 U.S.App.D.C. 188, 144 F.2d 641, cert. denied, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624 (1944).