CITY OF LINCOLN v. FIRST NATIONAL BANK OF LINCOLN.

FILED FEBRUARY 4, 1903.   No. 12,603.

Commissioner's opinion, Department No. 1.

1. **Statute of Limitations: Lot Owner's Liability:** JUDGMENT FOR INJURIES: DEFECTIVE SIDEWALK. The statute of limitations does not begin to run against an action on a lot owner's liabil-ity over to a city for a judgment for injuries growing out of a defective sidewalk, until the city's liability is fixed by law or by admission and payment on its part.

2. **Judgment Against City:** LOT OWNER: NOTICE: FACT: CAUSE: EXTENT OF INJURY. Judgment against the city in an action of which the lot owner has notice, is conclusive upon the latter as to the fact, cause and extent of the injury.

3. ————: ————: RESPONSIBILITY. Such judgment is not con-clusive as to the responsibility of the lot owner for such cause.

4. **Constructive Possession of Landowner:** LIABILITY OF CITY FOR PERSONAL INJURY: JUDGMENT PAID. A purchaser of a lot at sheriff's sale, who does not appear to have obtained any pos-session or control of the premises except such as arises con-structively from the delivery and recording of a sheriff's deed,

Syllabus by court; catch-words by editor.

is not responsible to the city, which has paid a judgment for injuries received by one falling into a negligently constructed coal-hole in front of such lot three weeks after the issuance of the sheriff's deed, and while the former owner is still in possession.

ERROR from the district court for Lancaster county. Action in the nature of trespass on the case, by a municipal corporation against a landowner, to recover for damages recovered for personal injuries sustained by a pedestrian from an open coal-hole in a sidewalk.[*]  See 59 Nebr., 634. Tried below before FROST, J.  Judgment for defendant. *Affirmed.*

*Edmund C. Strode* and *D. J. Flaherty* for plaintiff in error.

*J. W. Deweese, Frank Elmer Bishop* and *William E. Blake,*[†] *contra.*

HASTINGS, C.

In this case plaintiff filed in the district court for Lancaster county, January 24, 1901, a petition setting out its incorporation and that of the defendant bank; that the latter, November 1, 1894, and long prior thereto and thereafter, owned lot 13 in block 34 in plaintiff city, and maintained for its own use and benefit a vault under the sidewalk, which was a public sidewalk of the city on one of its principal thoroughfares, with a large opening or coal-hole through the sidewalk, constructed by defendant's grantors, and maintained by it for its own benefit; that the lid covering this hole was defective, unfastened and insecure, and subject to displacement by any person stepping upon the edge of it, and was not of sufficient size and weight to securely cover the hole; that these facts were well known to the defendant; that about November 1, 1894, Mrs. Pirner stepped upon the coal-hole cover, and

_____

[*] The pivotal question in the present case was:  Is a party who comes into possession of lands as grantee, with a nuisance already existing thereon, liable for a continuation of the nuisance before notice and request to abate the same?—W. F. B.

[†] Of the Iowa bar.

by reason of its defective construction, fell through and sustained serious injuries thereby, and because of such injuries instituted an action against the plaintiff, in which she recovered the sum of $4,000 damages and $227.26 costs; that the city prosecuted error to this court, where the judgment was affirmed on February 9, 1900,[*] and additional costs in the sum of $40.80 court costs, and $20 for printing, were incurred; that on September 10, 1900, the city paid the judgment, interest and costs in full, amounting to $5,256.12, and incurred expenses, including costs of the supreme court, and procuring bill of exceptions prepared in the defense of said action, in the sum of $349.86; that the injuries to Mrs. Pirner were caused by the defendant's unlawfully maintaining its excavation under and its coal-hole through the sidewalk in an unsafe, dangerous and defective condition, to the plaintiff's damage in the sum of $5,605.98. The defendant answered, admitting the corporate character of the parties and the recovery of judgment by Mrs. Pirner against the plaintiff and the error proceedings to this court, and denied the other allegations. A general denial was filed to this answer, and on the issues so made, trial was had to the court, a jury being waived, and the district court found for the defendant and dismissed the action. Motion for new trial was overruled. From this judgment the plaintiff brings error.

The plaintiff claims that under the facts in this case the defendant is liable over to the city (1) at common law; (2) under the city charter, which at the time of the accident provided as follows: "It is hereby made the duty of all real estate owners and occupants to keep the sidewalk alongside or in front of the same in good repair and free from snow and ice and other obstructions, and they shall be liable for all damages or injuries occasioned by reason of the defective condition of any such sidewalk" [Compiled Statutes, 1893, ch. 13a, sec. 67, subdiv. 6]; and (3) under the ordinance of the city providing for excava-

*City of Lincoln v. Pirner, 59 Nebr., 634.

tions beneath sidewalks, as follows: "No person shall be allowed to keep or use for vaults, areas, or other purposes, the space beneath the sidewalks included within the sidewalk lines of any street within the city, unless a permit therefor shall have been obtained from the city council; such permit to continue and be issued only upon such condition that the party receiving the same shall, as compensation for the privilege granted by such permit, maintain and keep in repair a sidewalk over such space intended to be used for vaults, areas, or other purposes, and pay all damages that may be sustained by any person by reason of said sidewalk being in a defective or dangerous condition."

The bank asserts that there is no common-law liability on its part for lack of any knowledge or notice on its part of the defective condition of this coal-hole; that no liability attaches to it as mere owner, for a mere passive neglect; that defendant's possession of the property was only constructive, by reason of a sheriff's deed bearing date about three weeks before Mrs. Pirner's accident, and no actual knowledge on the part of the bank, or demand upon it for repairs, appears in the evidence; that there was no statutory liability, because in the year 1899, a year and more before the institution of this action, the statute above quoted was repealed; that any attempt to create such a liability by ordinance was unconstitutional and void; and that the right of action is barred by the statute of limitations, because the injury was sustained by Mrs. Pirner in 1894—more than six years before the commencement of the action.

The bank appears clearly to have had notice of the pendency of Mrs. Pirner's action against the city and to have refused to take any part in it. Under the admissions of the answer, therefore, the bank is concluded as to the existence of the trouble of which she complained—a defective lid on this coal-hole—as to her injury from that cause, and as to the amount of damages sustained by her. The bank, of course, is not concluded by that adjudi-

cation as to the question of its own responsibility for the condition of the coal-hole.  2 Dillon, Municipal Corporations, sec. 1035.

The sole questions in this case, then, are as to the responsibility of defendant merely because it was the owner of this coal-hole, and as to the statute of limitations.  If either is found in favor of the defendant, the judgment must be affirmed.  So far as the latter question is concerned, no authority whatever is cited by defendant, and only some cases on sureties' rights to contribution and officers' claims for indemnity, by plaintiff.  It seems clear, however, that if there exists any right on the part of the city to recover over against the bank because of the injury to Mrs. Pirner, it could only be when the city's liability towards Mrs. Pirner became fixed.  The wrong, so far as the city is concerned, only became actionable when damage to the city accrued, and that was only when a final judgment in Mrs. Pirner's favor was rendered.  Any attempt to recover of the bank on plaintiff's part before that time would have been futile, and the statute would not commence to run, as against a right of action, until such right of action was in existence.  Evidently the city could not assert its liability to Mrs. Pirner in a case against the bank so long as it was denying such liability in Mrs. Pirner's own action in the same court, or in this one on review.  It will not be necessary to discuss further the question of the statute of limitations.  The city's claim here is for indemnity against liability on Mrs. Pirner's judgment, not for the injury to Mrs. Pirner.

It remains to see whether there is any right to charge defendant with responsibility for the condition of the coal-hole lid, either at common law, by statute or by ordinance of the city.

The common-law liability of the defendant is the claim most strongly urged by plaintiff.  It rests, as above stated, solely on the ownership of the property on the defendant's part by virtue of a sheriff's deed bearing date about three weeks before Mrs. Pirner's fall.  One Carr,

as owner, had built the walk and coal-hole some years before and was still in possession. In what capacity he was still holding, does not appear. There is nothing to show possession by defendant except the sheriff's deed and its recording on October 11, 1894. In that deed, Carr is named as one of the defendants whose rights were conveyed by it. The injury occurred November 1, 1894. The sole cause alleged is the loose lid of the coal-hole, so that it slipped aside and let the woman's foot through, and caused a fall, with bruising of the foot and leg and some injury of the back. The excavation and hole in the walk had been there since 1883, in substantially the same condition. The walk and coal-hole had been made under the inspection of the city's street commissioner. Not so much as knowledge of the coal-hole's existence on the part of this defendant, whose sheriff's deed is dated twenty-three days, and recorded twenty days, before this accident, appears. It is clear that if the defendant is liable at common law, it must be for maintaining a nuisance in a public street. It may be taken as settled that an unauthorized coal-hole in a sidewalk would be a nuisance *per se*. *Irvine v. Wood*, 51 N. Y., 224, 10 Am. Rep., 603; *Robinson v. Mills*, 65 Pac. Rep. [Mont.], 114. Both of the above cases hold, with seeming good reason, that an unsafe and improperly secured authorized excavation is as much a nuisance as is an unauthorized one. No authority for maintaining a coal-hole is pleaded here, and the finding in Mrs. Pirner's case would be conclusive as to its bad condition if there was. But can defendant, under the evidence here, be claimed to have been conclusively shown to be guilty of maintaining it, so that the trial court's finding otherwise must be reversed? The bank had only a sheriff's deed, and the defendant in the foreclosure action was still in possession.

"A party who comes into possession of lands as grantee or lessee, with a nuisance already existing on them, is not, in general, liable for the continuance of the nuisance until his attention has been called to it, and he

has been requested to abate it." Cooley, Torts [1st ed.], p. 611, [2d ed.], p. 728. This rule is put upon the ground, in the first place, that the purchaser has a right to assume, as to other persons, that a right to maintain it has been acquired. It is also put on the ground that the purchaser ought not to be held liable for consequences of which he was ignorant, and which he did not intend. *Johnson v. Lewis*, 13 Conn., 303, 307, 33 Am. Dec., 405.

It is conceded by plaintiff that such is the general rule, but it is urged that it has no application to a public nuisance that results in an obstruction to the streets. The rule requiring at least notice to the purchaser of the existence of a nuisance, before his liability commences, is stated in Pollock on Torts,* without the indication of any exception, and based on *Penruddock's Case*, 5† Coke [Eng.], 100½. In Cooley, Torts, at the place cited, it is said to have no application to cases where a personal duty or obligation is cast upon the owner by law, or where the nuisance is immediately dangerous to life or health. It would seem reasonable to hold that it would not apply where the owner's suffering the nuisance to continue would amount to a failure to perform some duty owed to the public, or apply to the actual infliction of a wrong. The three cases cited and relied upon by plaintiff are of this kind.

*Leahan v. Cochran,‡* 60 N. E. Rep. [Mass.], 382, 53 L. R. A., 891, 86 Am. St. Rep., 506, is distinctly of this kind. Defendant purchased and thereafter occupied a house whose gutter discharged water on the sidewalk. The water froze, and plaintiff was injured by the ice. The defendant was held liable because of a duty to keep obstructions off the walk, and no prescriptive right to maintain a dangerous situation there was acquirable by use or purchase.

*Matthews v. Missouri P. R. Co.*, 26 Mo. App., 75, 81, is another case of obstruction in a highway, and liability is

---

* 6th ed., p. 416.

† Coke's reports are cited by parts, not by volumes.

‡ 178 Mass., 566.

said to result for the same reason to one who was openly maintaining the obstruction which caused the injury. Defendant is held, not as owner of the premises, but as "the continuer of the nuisance."

The case of *Morgan v. Illinois & St. Louis Bridge Co.,* 17 Fed. Cas., 749, No. 9,802, is cited by plaintiff. The liability in the Missouri case is held to result because the receiver and the road which he represented, had maintained for three years, as lessees of another corporation, a fourteen-foot cut in a crowded thoroughfare, without railing or protection. It was held that the fact of the premises being in such condition when leased was no protection. A duty to protect passers against their excavation, arose when they commenced to use it.

These cases are very far from showing a duty on defendant's part to protect passers or the city from injury because of this coal-hole.

It seems clear that to bring the defendant within the exception to the rule requiring that purchasers have notice of the existence of a nuisance to render them liable, such possession and control of these premises as to cast upon it the duty of actively providing for the public safety must be shown. Such a duty is found and indicated in *Irvine v. Wood,* 51 N. Y. 224, 10 Am. Rep., 603, where it is held to devolve upon both landlord and tenants to see that an excavation under the street was made safe for passers. The numerous decisions as to the respective liabilities of lessor and lessee in such cases show that the owner's liability, where it exists, is not as owner, but as creator or continuer of a nuisance. They may be found collected and discussed in *Plumer v. Harper,* 3 N. H., 88, 14 Am. Dec., 333, or more recently and fully in *Wasson v. Pettit,* 117 N. Y., 118,* 5 L. R. A., 794, and in the extended notes to those cases. Such presumption of use and control as the three-weeks possession of a sheriff's deed might

---

*The title of this case in 117 N. Y., is *Martin, Executor, v. Pettit.* Elias Wasson, the original plaintiff, died pending the appeal; and, upon suggestion of his death, his executor was substituted.—W. F. B.

raise, is rebutted by the fact that the foreclosure defendant was still in possession.

The liability as owner, which is sought to be established by means of the statute before quoted, can not attach. As before stated, a right of action accrued in favor of the city only when its liability to Mrs. Pirner became fixed. This was after the repeal of the statute in question, which took place in 1899. The affirmance of Mrs. Pirner's judgment was in 1900. The general saving clause in chapter 88, section 2, Compiled Statutes (Annotated Statutes, sec. 6966), relates only to causes of action accruing before such repeal.

The liability under the city ordinance is against the person who is "allowed to keep or use" a vault or excavation beneath the street. As the evidence in this case entirely fails to show that defendant kept or used this excavation or coal-hole, there can be no liability under this ordinance. Indeed, the fact that the excavation and coal-hole were outside of the defendant's lot, and entirely on the city's land, and could not be maintained save with the consent of the city, is of itself a sufficient answer to any claim against defendant merely as owner of lot 13. Doubtless possession, control and use of these premises would make defendant responsible for the safety of any excavation under the city's streets, at least to the extent of taking all reasonable precaution to make it safe. *Wasson v. Pettit,* 117 N. Y., 118, 5 L. R. A., 794. No such control appears here.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.