## City of Louisville v. Rt. Rev. Denis O'Donaghue, et al.

(Decided February 3, 1914.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division).

1. Limitation—Action for Indemnity Growing Out of Negligence of Original Wrong-Doer.—Where a city has been required to pay damages caused by an obstruction in the street, an action by the city to recover the damages assessed against it from the party who placed the obstruction in the street accrues when it pays the damages and is barred by the five-year statute of limitation.

2. Limitation—Statute of Must Be Pleaded.—The plea of the statute of limitation cannot be raised by demurrer. It can only be relied on when it is set up in a pleading.

3. Trustees—Trust Estate—Liability of Trust Estate for Torts of Trustee.—Whether a trust estate is liable for the torts of the trustee is not decided, but in no state of case can the trust estate be made liable for the torts of the trustee unless it is shown that the trustee, at the time he committed the negligent acts complained of, was acting within the scope of his authority as trustee or performing a duty imposed upon him by the trust.

4. Trustees—Trusts—Personal Liability of One Trustee for Torts of Another Trustee.—A trustee cannot in any state of case be made individually responsible for a tort committed by his predecessor in the office of trustee when there is no evidence that the

trustee sought to be made liable had anything to do in any manner or form with the alleged wrongful act of his predecessor.

LEON P. LEWIS, PENDLETON BECKLEY for appellant.

O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1899 one Leo Keher was injured while riding a bicycle on a street in the city of Louisville, and to recover damages for the injuries sustained he brought suit against the city and other parties, and recovered judgment against the city, which judgment was satisfied in April, 1904, by the payment to Keher of the amount thereof. In 1912 the city brought this suit against the appellee, the Catholic bishop of Louisville, seeking to recover from him individually and as trustee the amount of the judgment paid Keher.

The petition as amended charged in substance that the accident to Keher was caused by his coming in contact with some stone and mortar that had been placed in the street by Meinrad S. Leinert, trustee, his agents and servants, who had negligently failed to protect the material by guards or barrier or other sufficient means to give notice of its presence. It was further alleged that Leinert, as trustee for the Catholic Order of Franciscan Fathers, had obtained a permit from the city to erect a building in which the material Keher collided with was being used; that Leinert, as trustee of the Order, conveyed the property to Bishop O'Donaghue, as trustee, and that Bishop O'Donaghue, as trustee, has since held the property in the same manner and for the same purpose that it was held by Leinert, the only change made in the status of the title being the name of the trustee.

To the petition as amended a demurrer was sustained, and, declining to plead further, the action was dismissed and this appeal is prosecuted.

Much is said in briefs of counsel for both parties on the subject whether or not the statute of limitation presents a bar to the prosecution of this action. We have no doubt that the action was barred by the statute. It grows out of the implied obligation of the alleged negligent property owner to indemnify the city for the loss it sustained on account of his negligence. Being an implied obligation, it falls under section 2515 of the statute,

and especially that part thereof providing that "An action for the injury to the rights of the paintiff, not arising on contract," shall be barred unless commenced within five years next after the cause of action accrues. Here the cause of action accrued when the city paid to Keher in 1904 the amount of the judgment against it, and the right of the city to look for indemnity to the one whose negligence caused it to suffer the loss incurred in the payment of the damages assessed was barred after the expiration of five years from that time.

But limitation can only be relied upon when it is set up in a pleading: Baker v. Begley, 155 Ky., 234; Yager v. Bank of Kentucky, 125 Ky., 177. No pleading relying on the statute was tendered, and this being so, the statute was not available; but independent of this defense the petition as amended did not state a good cause of action, and, therefore the general demurrer was properly sustained.

The petition seeks to hold the present trustee, both in his individual and in his fiduciary capacity. liable for the alleged tort of his predecessor as trustee. In no state of case that we can imagine can a trustee be made individually responsible for a tort committed by his predecessor in the office of trustee unless it is shown that he was connected with or participated in the alleged wrongful act of his predecessor and there is no averment of this sort in the petition. Whether trust property can be subjected to liability growing out of the negligence or tortious act of the trustee is a question about which there is room for much difference of opinion, depending on the existence or non-existence of certain facts, and we will not on this record undertake to announce any ruling on this subject, as the petition does not state a cause of action under which the trust estate could be subjected. It does not aver that Leinert as trustee at the time the negligent acts complained of occurred was acting within the scope of his authority as trustee or that he was performing a duty imposed upon him by the trust. In any state of case these averments would be indispensable to state a cause of action that would make the trust estate liable for the acts of the trustee.

Judgment dismissing the petition is affirmed.