NICHOLAS McEVOY, ADMINISTRATOR, vs. THE CITY OF WATERBURY ET AL.

Third Judicial District, Bridgeport, April Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The plaintiff's intestate, while walking along a city street, stumbled and fell over a telegraph pole which had been left in the gutter near the curb. It was raining slightly and the weather was misty. *Held* that the question of contributory negligence was properly left to the jury to determine as one of fact.

After the case against the city had been pending for more than a year, the telegraph company, which owned the pole, was made a codefendant, and pleaded the statute of limitations. *Held:*—

1. That this was a valid defense and justified the trial court in directing a verdict in favor of the telegraph company.

2. That such verdict and judgment thereon could not affect the city's right to sue the telegraph company for indemnity, since that cause of action was altogether different from that involved in the present suit, and one which would not accrue until the liability of the city to the plaintiff had been finally adjudicated.

Until a cause of action accrues the statute of limitations does not begin to run.

Argued April 9th—decided July 23d, 1918

ACTION to recover damages for personal injuries to the plaintiff's intestate alleged to have been caused

by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the plaintiff for $1,200 as against the defendant city of Waterbury, and in favor of the other defendants, from which said city appealed. *No error.*

*Francis P. Guilfoile,* for the appellant (defendant City of Waterbury).

*William E. Thoms,* for the appellee (plaintiff).

*Lawrence L. Lewis,* for the appellee (defendant Postal Telegraph-Cable Company).

WHEELER, J. The plaintiff's intestate was injured on July 15th, 1915, by falling over a telegraph pole which lay in the gutter near the curb of a sidewalk in a street of the defendant city of Waterbury.

The city supports its assignment of error for the denial of its motion to set aside the verdict against it, principally upon the ground that the plaintiff's intestate, by her own negligence, materially contributed to her injuries, since she should, in the exercise of reasonable care, have known of the existence of the pole and safely passed over it.

There was evidence from which the jury might reasonably have found that the plaintiff's intestate was walking at a reasonable gait, that it was raining slightly and the weather was misty. Under these circumstances, we think that even though the jury found she knew of the existence and location of this pole, she was not, as a matter of law, herself negligent in falling over it. The issue of contributory negligence was, under all the surrounding circumstances, one of fact for the jury to find.

The court directed a verdict in favor of the defendant Postal Telegraph-Cable Company, upon the second defense of its answer, the statute of limitations. The facts upon which this verdict was directed were these: This action was brought by writ dated October 4th, 1915, and came to trial in December, 1916. The Postal Telegraph Company was named as codefendant, but on the trial it developed that the owner of the pole was not this defendant, but was the Postal Telegraph-Cable Company. This company was subsequently, on December 15th, 1916, made a codefendant, and it appeared and pleaded among its defenses the statute of limitations, because the action against it was not begun within one year from the date when the plaintiff's intestate received her injuries. The direction of the verdict in favor of the Postal Telegraph-Cable Company, upon the ground stated in this defense, is the remaining reason of appeal requiring consideration.

The action by the plaintiff against this defendant was not begun within one year from the date when the plaintiff's intestate received her injuries, and under the statute (Public Acts of 1903, Chap. 149) the defense of the statute of limitations was good, and the verdict upon this ground in favor of this company properly directed.

The city of Waterbury contends that the effect of the court's action in directing this verdict was to deny the city its action over against this company. This cannot be true. The cause of action in the plaintiff's case against the city, or against the Telegraph-Cable Company, is a totally different action from that of the city against the Telegraph-Cable Company. The latter action had not accrued when the accident occurred. Until the final judgment was obtained by the plaintiff against the city, it could not have been known with certainty that the city would ever have a cause of action

over against the Telegraph-Cable Company. The statute of limitations, in the action by the plaintiff against this company, did not bar the action of the city against this company, since no statute of limitations as to this cause of action began to run in favor of the Telegraph-Cable Company until the final judgment against the city and the right of action over against the Telegraph-Cable Company accrued. The statute of limitations does not begin to run until the accrual of the action. *Hull* v. *Thoms*, 82 Conn. 647, 652, 74 Atl. 925; *Gay's Appeal*, 61 Conn. 445, 451, 23 Atl. 829. The authorities upon the precise question are not numerous, but those which we have seen support the conclusion that any cause of action of the city of Waterbury against the Postal Telegraph-Cable Company could not accrue until the final judgment against the city was entered. *Lincoln* v. *First National Bank*, 67 Neb. 401, 405, 93 N. W. 698; *Ashley* v. *Lehigh & W. B. Coal Co.*, 232 Pa. St. 425, 431, 81 Atl. 442; *Louisville* v. *O'Donaghue*, 157 Ky. 243, 245, 162 S. W. 1110; *Veazie* v. *Penobscot R. Co.*, 49 Me. 119, 127; 2 Wood on Limitation of Actions (4th Ed.) § 179; 17 Ruling Case Law, p. 765, § 130.

There is no error.

In this opinion the other judges concurred.