Rose Clements, as Administratrix of the Estate of John Clements, Deceased, Plaintiff, *v.* John D. Rockefeller, Jr., Defendant and Third Party Plaintiff. C. G. Gunther's Sons, Third Party Defendant.

Supreme Court, Special Term, New York County, April 28, 1947.

*Andrews, Baird & Shumate* for defendant and third party plaintiff.

*Bernard Katzen, Harry Schechter* and *William H. Stieglitz* for third party defendant.

*Daniel Jacobs* for plaintiff.

PECORA, J. Upon the foregoing papers this motion is made by the third party plaintiff to strike out the five separate defenses pleaded in the answer of the third party defendant herein. The first defense of Statute of Limitations is insufficient. The third party plaintiff seeks an appropriate judgment against the third party defendant in the event plaintiff obtains a judgment against the third party plaintiff. The time when the cause of action asserted by plaintiff accrued is in no way material as to the respective liabilities between the third party plaintiff and third party defendant. Any cause of action which the third party plaintiff has against the third party defendant will accrue only if, and when, plaintiff obtains judgment against the third party plaintiff. The defense of the Statute of Limitations pleaded in the first defense therefore is insufficient in law. The second defense that the provisions of the Workmen's Compensation Law prevent recovery by the third party plaintiff against the third party defendant is also insufficient in law (*Westchester L. Co.* v. *Westchester C. S. E. Corp.*, 278 N. Y. 175). See decision upon companion motion denying application to dismiss third party cross complaint decided simultaneously herewith (189 Misc. 891). The third defense of the unconstitutionality of section 193-a of the Civil Practice Act, falls for the same reason that the second defense is inadequate. The fourth defense is defective. That a liability policy has been obtained pursuant to the terms of the lease between the parties, is no defense to an action to determine the liabilities between the parties. The fifth defense is sufficient on its face to withstand the instant motion. The motion is therefore granted to the extent of striking out the first, second, third and fourth defenses in the answer of the third party defendant, and denied as to the fifth defense. Settle order.