Charles E. SORENSEN, Appellant,

v.

The OVERLAND CORPORATION.

No. 12035.

United States Court of Appeals
Third Circuit.

Argued Jan. 21, 1957.

Decided March 5, 1957.

James R. Morford, Wilmington, Del. (Morford & Bennethum, Wilmington, Del., on the brief), for appellant.

Edwin D. Steel, Jr., Wilmington, Del. (William S. Megonigal, Jr., Wilmington, Del., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a summary judgment entered for defendant under Fed.R.Civ.P. 56(b), 28 U.S.C. The action is in federal court by diversity only and Delaware law governs. The case was presented with competence to this Court and all the points raised were thoroughly analyzed and considered by the district judge. 142 F.Supp. 354, D. C.D.Del.1956. We agree with the district judge and our opinion can do little more than put in our own words what he himself has already adequately written.

█ Plaintiff Sorensen sues the defendant Overland Corporation for counsel fees paid to his lawyer for defending two suits brought against the corporation, himself and other directors and officers. One of them was in a Delaware state court and is referred to as the Krinsky litigation; the other was in Michigan and is referred to as the Fistel case. Each suit terminated in favor of the defendants. This action has some of the same factual background as that presented to this Court in Mooney v. Willys-Overland Motors, Inc., 3 Cir., 1953, 204 F.2d 888, 39 A.L.R.2d 566, but the operative facts in the two cases are so different that the Mooney case furnishes little by way of precedent.

The plaintiff's first claim is under a bylaw of the corporation based on a Delaware statute. The bylaw was adopted in conformity with the provisions of Del. Code Ann. tit. 8, § 122(10) (1953). The bylaw is set out in full in the margin.[1] The gist of it, for our purposes, is that an officer or director is entitled to indemnification in connection with suits in which he is involved by reason of his being or having been an officer or director of the corporation.

There were two parts to the Krinsky litigation. One had to do with general charges against this plaintiff and others for alleged improper corporate acquisition of property which, according to Krinsky, the individual defendants should not have caused the corporation to make. Expenses connected with this phase of the Krinsky suit are not in-

---

1. Article XXIII. "Indemnification of Directors and Officers. The corporation shall indemnify each director and officer of the corporation against all or any portion of any expenses reasonably incurred by him in connection with or arising out of any action, suit or proceeding in which he may be involved by reason of his being or having been an officer or director of the corporation (whether or not he continues to be an officer or director at the time of incurring such expenses), such expenses to include the cost of reasonable settlements (other than amounts paid to the corporation itself) made with the view to curtailment of cost of litigation, except that no sums shall be paid in connection with any such settlement unless the corporation is advised by independent counsel that the officer or director so indemnified was not derelict in the performance of his duty as such officer or director. The corporation shall not, however, indemnify such director or officer with respect to matters as to which he shall be finally adjudged in any such action, suit or proceeding to have been derelict in the performance of his duty as such director or officer, nor in respect of any matter on which any settlement or compromise is affected, if the total expenses, including the cost of such settlement, shall substantially exceed the expense which might reasonably be incurred by such director or officer in conducting such litigation to a final conclusion and in no event shall anything herein contained be so construed as to protect or to authorize the corporation to indemnify any such director or officer against any liability to the corporation or to its security holders to which he would otherwise be subject by reason of willful misfeasance, bad faith, gross negligence, or reckless disregard of the duties involved in the conduct of his office. The foregoing right of indemnification shall not be exclusive of other rights to which any director or officer may be entitled as a matter of law."

volved in the present litigation since the corporation has already paid Sorensen's lawyer for the portion of the legal services rendered which had to do with the improper acquisition claim.

The other claim in the Krinsky case and the sole claim in the Michigan Fistel case was against Sorensen on a matter which arose before he became an officer or director of the defendant company. Prior to his joining the organization, the company and he made a contract whereby he was to become its president, was to receive large compensation whether he continued as president or not and was given a highly profitable stock option contract.

It may or it may not be that this contract was an improper one for the corporation to make with Sorensen. We express no opinion whatever on this point. But it had nothing to do with him as a director or officer of this corporation. It was negotiated and completed between Sorensen and the company before he became either officer or director. If he incurred expenses for counsel fees in defending a lawsuit about entering into the contract, they were incurred by him as an individual who was accused of making an unconscionable bargain with the company, not because he was an officer. We think there is no possibility of bringing such a claim within the protection of the bylaw quoted.

 The second basis for plaintiff's claim as to the expense of legal services in the Fistel suit is based on what plaintiff calls a contract implied in fact. The theory of it seems to be that when Fistel sued in Michigan the present defendant company asked Sorensen to enter an appearance in the suit. This he did and incurred expenses for legal help even though he won. For this he claims to be recompensed on the theory that when one does something at another's request and incurs expenses thereby he is entitled to restitution therefor. "In the absence of circumstances indicating otherwise, it is inferred that a person who requests another to perform services for him \* \* \* thereby bargains to pay therefor." Restatement, Restitution § 107(2) (1937).

The trial judge thought little of this theory because he said the plaintiff was domiciled in Michigan and was subject to suit there. The plaintiff insists that the record shows that plaintiff had never been served in Michigan and, therefore, was not in court. The appearance entered by him was something he was not compelled to make. Hence when he made it, the obligation arose to make him whole for expenses. But examination of the exhibits in the present suit does not show that plaintiff was not served in Michigan nor, it may be admitted, does it show conclusively that he was. Nor does it show, as plaintiff now avers, that he did enter an appearance in the Michigan action at the defendant's request.

We do not think the point is worth as much as plaintiff makes of it. It is well settled law that one who is domiciled in a state is subject to the jurisdiction of its courts. Restatement, Conflict of Laws § 79 (1934). In the exercise of that jurisdiction a defendant must be given a reasonable notice and opportunity to be heard. Id. § 75; Restatement, Judgments § 6 (1942). But statutes providing for substituted service on domiciliaries who are either temporarily absent from the state or cannot be found are practically universal and Michigan has such a statute. Mich. Stat.Ann. § 27.776 et seq. (1936), Comp. Laws 1948, § 613.46 et seq. So, even if Sorensen had not been served at the time he entered his appearance, completion of jurisdiction over him by a Michigan court was a simple matter. It is too slim a foundation to build upon in establishing a claim for restitution.

 The defendant also raises the question of the statute of limitations in Delaware. Even if the plaintiff once had a claim, it is argued, he has lost it by lapse of time. The district court has discussed both the one-year and three-year statute.

We shall not discuss the three-year statute [2] because we think the one-year statute controls should it be conceded, arguendo, that the plaintiff ever had a claim. It provides:

"No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based." Del.Code Ann. tit. 10, § 8110 (1953).

We have little doubt that a claim to be indemnified for counsel fees is in the nature of a benefit arising from one's status as a director. It is in the nature of compensation even though it may not constitute taxable income from year to year. Perhaps it is something like the use of a company car to take a corporate executive to and from his office. At any rate, we think it the type of thing that comes under the provision of this one-year statute.

This action was begun on May 4, 1955. The very latest it could be claimed that the claim arose was August 26, 1953, when Sorensen paid his lawyer in full. The district judge sets out reasons for thinking that the claim to indemnity, if it arose at all, arose at an earlier date. We do not go into this because we think the one-year statute controls and that its application is entirely clear when one observes the dates just set out.

Plaintiff's final point is that by reason of the terms of a stipulation on which the Michigan action was dismissed, the defendant has somehow become estopped to assert the defense of the statute of limitations. The district judge saw no basis for this either in authority or precedent. We agree with him.

The judgment of the district court will be affirmed.

2. Three-year statute provides: "* * * no action based on a promise * * * shall be brought after the expiration of 3 years from the accruing of the cause of such action * * *." Del.Code Ann. tit. 10, § 8106 (1953).