EDWARD LEE HAGER, PLAINTIFF v. BREWER EQUIPMENT COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. E. E. YOUNTS, INC. AND JOHN S. MacBRYDE COMPANY, THIRD-PARTY DEFENDANTS

No. 7318SC109

(Filed 14 March 1973)

Limitation of Actions § 4— negligence action — cross-action for indemnity — statute of limitation as bar

In a negligence action instituted against Brewer Equipment Company seeking recovery for personal injuries allegedly sustained by plaintiff when the drive shaft of a construction elevator broke and caused the elevator to fall, the trial court erred in dismissing Brewer's third-party action for indemnity gainst MacBryde Company, from whom Brewer had purchased the elevator more than three years earlier, on the ground that the statute of limitations barred the indemnity action, since Brewer's claim for indemnity did not arise until plaintiff brought his action against Brewer and the claim for indemnity was separate and distinct from any possible claim that may have arisen at the time the elevator was purchased.

APPEAL by the original defendant, Brewer Equipment Company, from *Exum, Judge,* 25 September 1972 Civil Session of Superior Court held in GUILFORD County.

Negligence action instituted 1 July 1970 against Brewer Equipment Company (Brewer) seeking recovery for personal injuries allegedly sustained by plaintiff on 3 July 1967 when the drive shaft of a construction elevator broke and caused the elevator to fall. Plaintiff was employed as a carpenter by E. E. Younts, Inc., and the elevator, which was owned by Brewer, was furnished to the construction site under an agreement between Brewer and Younts. Plaintiff alleges, among other things, that the drive shaft to the elevator was "faulty" and that the elevator and drive shaft contained no safety devices.

On 30 October 1970, Brewer filed a third-party action against John S. MacBryde Company (MacBryde), alleging that it purchased the elevator from MacBryde in March of 1967; that if any defect or defects in the elevator proximately caused plaintiff's injuries, said defect or defects resulted from MacBryde's negligence and breach of implied warranty that the elevator was free from defects, ". . . and if Brewer is required to pay to or for the plaintiff any sum of money, then Brewer is entitled to indemnification for such sums. . . ."

MacBryde moved for summary judgment on the ground that Brewer's third-party action was barred by the three-year statute of limitations. The motion was allowed and Brewer appealed.

*Smith, Moore, Smith, Schell & Hunter by Bynum M. Hunter for defendant and third-party plaintiff appellant Brewer Equipment Company.*

*Perry C. Henson and Thomas C. Duncan for third-party defendant appellee John S. MacBryde Company.*

GRAHAM, Judge.

The question for decision is whether Brewer's third-party action for indemnity is barred by the three-year statute of limitations. G.S. 1-46; G.S. 1-52(1) and G.S. 1-52(5). We hold that it is not and reverse the judgment.

" 'In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the

right to institute and maintain a suit arises, . . . ' 54 C.J.S.,
Limitations of Actions, § 109; 34 Am. Jur., Limitation of Action,
§ 113; *Shearin v. Lloyd,* 246 N.C. 363, 367, 98 S.E. 2d 508."
*Motor Lines v. General Motors Corp.,* 258 N.C. 323, 325, 128
S.E. 2d 413, 415. "A cause or right of action accrues, so as to
start the statute of limitations running, when the right to in-
stitute and maintain a suit arises, *and not before"* (emphasis
added). 54 C.J.S., Limitations of Actions, § 109, p. 11. G.S.
1-15(a) (Supp. 1971) provides that "[c]ivil actions can only
be commenced within the periods prescribed in this Chapter,
*after the cause of action has accrued. . . ."* (Emphasis added.)

If Brewer's claim for indemnity accrued so as to give it a
right to sue at the time it purchased the elevator, the statute of
limitations started to run at that time and now bars the claim.
However, while Brewer may have had a right to sue at that
time for damages it incurred as a result of the negligence and
breach of warranty now alleged, it obviously had no right to
sue at that time to recover for damages it may be forced to pay
a third party as a result of MacBryde's primary liability.

The right to sue for indemnity for damages resulting from
the negligence, misfeasance or malfeasance of another does not
accrue until legal payment has been made. *Pritchard v. R.R.,*
166 N.C. 532, 82 S.E. 875. *See* 41 Am. Jur. 2d, Indemnity, § 39,
p. 729; 42 C.J.S., Indemnity, § 25, p. 603; Annot., 20 A.L.R.
2d 925 (1951). In this jurisdiction a defendant may have his
indemnity claim against a third party determined in the plain-
tiff's original action, but ". . . a separate action for indemnity
may not be commenced until after payment and satisfaction of
the debt." *Ingram v. Smith,* 16 N.C. App. 147, 152, 191 S.E. 2d
390, 394, *cert. denied,* 282 N.C. 304.

In *Pritchard v. R.R., supra,* plaintiff, an initial carrier, was
compelled to pay to a shipper of peanuts damages caused by the
negligence of defendant, a connecting carrier. Plaintiff sought
recovery of the sum paid and defendant pleaded the statute of
limitations. In an opinion rejecting the plea, it is stated: "If the
cause of action arose in June, 1910, when the peanuts were in-
jured, then we think the claim would be barred by the statute;
but in our opinion the cause of action did not arise until the
money was paid by the plaintiff to the owner of the peanuts,
and that was in July, 1911. * * * As between the common car-
rier and the shipper, the cause of action would arise when the

damage ensued and the injury was inflicted; but now as between common carriers themselves, a cause of action would not arise in behalf of one carrier against the other until the common carrier suing for the same had paid the damages, as until that had been done it would have sustained no injury." *Id.* at 535-36, 82 S.E. at 876.

In the case of *Godfrey v. Power Co.*, 223 N.C. 647, 27 S.E. 2d 736, the question for decision was whether one of several defendants in an action for wrongful death arising out of a joint tort could have another joint tort-feasor brought in and made a party defendant for the purpose of enforcing contribution, when plaintiff's right of action against the other tort-feasor had been lost by the lapse of time. The Supreme Court answered in the affirmative and in an opinion by Chief Justice Stacy stated:

"The right accrues when judgment is obtained in an action arising out of a joint tort. From this it follows that a contingent or inchoate right to enforce contribution arises to each defendant tort-feasor at the time of the institution of the action to recover on the joint tort. As long then as the plaintiff's right to recover in such suit remains undetermined, the contingent or inchoate right of each defendant tort-feasor to enforce contribution continues, and, on rendition of judgment in favor of the plaintiff, this right matures into a cause of action. 13 Am. Jur., 51. Thus it is rooted in and springs from the plaintiff's suit and projects itself beyond that suit, but it is not dependent on the plaintiff's continued right to sue all the joint tort-feasors." *Id.* at 649-50, 27 S.E. 2d at 737-38.

Numerous authorities speak to the specific point raised in this case:

In 51 Am. Jur. 2d, Limitations of Actions, § 287, at 802 we find:

"The general rule is that where the original defendant alleges facts showing that the additional defendant is liable over to him, joinder is generally held to be proper, and the fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant has no effect on the defendant's right to enforce his claim of contribution or indemnity, since the cause of

action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the original defendant."

In Annot., 20 A.L.R. 2d 925, 927 (1951), it is stated:

> ". . . [I]t is generally held that where one person's liability for a tort actually committed by another is secondary or constructive, the statute of limitation against his right to recover indemnity from the actual tortfeasor commences to run against him not from the time of the commission of the tort or of the resulting damage or injury, but from the time he has paid, or has been compelled to pay a judgment recovered by, the injured person."

Except in states which have enacted statutes providing otherwise, it is almost universally held that where one person's liability for a tort or breach of warranty committed by another is secondary, the statute of limitations does not start running against his right to indemnity from the party primarily liable until he has paid damages to the injured party. See for instance: *Southern Arizona York Refrigeration Co. v. Bush Mfg. Co.,* 331 F. 2d 1 (9th Cir. 1964); *De La Forest v. Yandle,* 171 Cal. App. 2d 59, 340 P. 2d 52 (1959); *McEvoy v. Waterbury,* 92 Conn. 664, 104 A. 164 (1918); *Sorensen v. The Overland Corp.,* 142 F. Supp. 354 (D. Del. 1956), *aff'd,* 242 F. 2d 70 (3rd Cir. 1957); *Klatt v. Commonwealth Edison Co.,* 55 Ill. App. 2d 120, 204 N.E. 2d 319 (1964), *rev'd on other grounds,* 33 Ill. 2d 481, 211 N.E. 2d 720 (1965); *Chicago & North Western Ry. Co. v. Chicago, R.I. & P.R. Co.,* 179 F. Supp. 33 (N.D. Iowa 1959), *aff'd,* 280 F. 2d 110 (8th Cir. 1960), *cert. denied,* 364 U.S. 931, 5 L.Ed. 2d 364, 81 S.Ct. 378 (1961); *City of Louisville v. O'Donaghue,* 157 Ky. 243, 162 S.W. 1110 (1914); *Appalachian Corporation v. Brooklyn Cooperage Co.,* 151 La. 41, 91 So. 539 (1922); *Veazie v. Penobscot Railroad Company,* 49 Me. 119 (1860); *Power v. Munger,* 52 F. 705 (8th Cir. 1892); *City of Springfield v. Clement, et al.,* 205 Mo. App. 114, 225 S.W. 120 (1920); *rev'd on other grounds,* 296 Mo. 150, 246 S.W. 175 (1922); *City of Lincoln v. First Nat. Bank of Lincoln,* 67 Neb. 401, 93 N.W. 698 (1903); *Adler's Quality Bakery, Inc. v. Gaseteria Inc.,* 32 N.J. 55, 159 A. 2d 97 (1960); *Clements v. Rockefeller,* 189 Misc. 889, 76 N.Y.S. 2d 493 (Sup. Ct. 1947); *Fruehauf Trailer Co. v. Gilmore,* 167 F. 2d 324 (10th Cir. 1948); *Ashley v. Lehigh & W.-B. Coal Co.,* 232 Pa. 425, 81 A. 442 (1911); *City of San Antonio v. Talerico,* 98 Tex. 151, 81 S.W. 518 (1904);

*Culmer v. Wilson,* 13 Utah 129, 44 P. 833 (1896); *Seattle v. Northern Pac. R. Co.,* 47 Wash. 552, 92 P. 411 (1907); *Northwest Airlines v. Glenn L. Martin Co.,* 161 F. Supp. 452 (D. Md. 1958); *Mims Crane Service, Inc. v. Insley Mfg. Corp.,* 226 So. 2d 836 (Fla. App. 1969), *cert. denied,* 234 So. 2d 122 (Fla. 1969); *McGlone v. Corbi,* 59 N.J. 86, 279 A. 2d 812 (1971).

MacBryde relies upon various cases which hold that where an injured party institutes an action against the manufacturer or seller of a product for injuries arising out of a defect in the product, his claim accrues and the statute of limitations starts to run at the time of the alleged act or omission, which is ordinarily at the time of the sale. *Motor Lines v. General Motors Corp., supra; Bradley v. Motors, Inc.,* 12 N.C. App. 685, 184 S.E. 2d 397; *State v. Aircraft Corp.,* 9 N.C. App. 557, 176 S.E. 2d 796. [G.S. 1-15(b), which alters this rule under certain circumstances is is not applicable here because it did not become effective until 21 July 1971, some twenty days after this action was instituted. G.S. 25-2-725, which sets forth limitations for commencement of actions for breach of contracts for sales governed by the Uniform Commercial Code, is likewise not applicable here because it became effective on 1 July 1967, which was after the March 1967 sale of the elevator here in question.]

The distinction is that Brewer, as a third-party plaintiff, is not seeking to recover for damages it sustained as a result of a defect present in the elevator at the time of purchase. Such a claim for relief would be barred because Brewer would have had a right to sue for nominal damages at least at the time it purchased the elevator. *Motor Lines v. General Motors Corp., supra.* See also *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508. *Cf. Hooper v. Lumber Co.,* 215 N.C. 308, 1 S.E. 2d 818. Brewer's claim for indemnity is separate and distinct from any possible claim that may have arisen at the time the elevator was purchased and consequently the statute of limitations did not begin to run against the indemnity claim at that time.

Reversed.

Judges CAMPBELL and BROCK concur.