[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#114)
"Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material CT Page 10807 fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The movant has the burden of showing the nonexistence of such issues. . . .'" Id., 579."Interpretation of the pleadings is a question of law." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,529, 559 A.2d 712 (1989).
STO moves for summary judgment in its favor on Kapetan's indemnification claim on the basis of its special defense that Kapetan's claim is barred by the applicable statute of limitation, namely General Statutes 52-577. STO argues that the alleged tortious conducted that Kapetan alleges that STO committed, occurred prior to the completion of the subject construction in January, 1984, the initial lawsuit filed by the Partnership was not brought until January, 1988, and the indemnification claims arising out of the initial lawsuit were not asserted by Kapetan until August 8, 1988. STO argues that the three-year limitations period for torts prescribed by General Statutes 52-577 has run and bars any claims for indemnification against STO.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop 
Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988).
 [A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411, 207 A.2d 732 (1965).
Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990).
A party may seek indemnification by way of impleading a third party pursuant to General Statutes 52-192a.
 Connecticut's impleader statute, provides in pertinent part: "the third-party defendant, shall have available to him all remedies available to an original defendant. . . ." The "all remedies" clause contained in General Statutes 52-102a(b) preserves the statute of limitations defense for third party defendants. CT Page 10808
(Citations omitted.) Protter v. Brown Thompson Co., 25 Conn. App. 360,363, 593 A.2d 524, cert. granted 220 Conn. 910 (1991) (A call to the appellate clerk's office revealed that the case was withdrawn from the Supreme Court in March, 1992). There is no single statute that established a uniform limitations period for all indemnity actions. Which statute of limitations applies, depends upon the nature of the underlying action that gives rise to the indemnity claim. (i.e. tort three years; contract six years). Morrison v. Zenobia, 1 Conn. App. 7, 8, 467 A.2d 682 (1983). In the fourth count of its amended complaint and in the fifth count of its revised amended complaint Kapetan alleges that, if the Partnership sustained injuries and damages as alleged, then this was due to the active negligence of STO in that it failed to advise Gullotta or Kapetan that anything was wrong with the manner of the application and use of its products. Kapetan further alleges conclusory statements as to STO's active negligence. Kapetan's allegations clearly sound in tort.
The statute of limitations for torts provides that: "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." General Statutes 52-577.
 At common law, statutes of limitations did not begin to run until the accrual of an action, and an action for indemnification did not accrue until the entry of final judgment against the party seeking indemnification. McEvoy v. Waterbury, 92 Conn. 664, 667 104 A. 164 (1918). However, "[i]n adopting [the `act or omission complained of] language, our legislature distinguished Connecticut's statutes of limitations for torts from those of other jurisdictions, the majority of which begin to run only `after the cause of action has accrued.'" Prokolkin v. General Motors Corporation, supra, 294-95. "`The date of the act or omission complained of is the date when the negligent conduct of the defendant occurs and is not the date when the plaintiff first sustained damage'. . . ." Id., 297, quoting Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173, 127 A.2d 814 (1956). Because of the distinction created in the Connecticut limitation statute between the injury and the tortious conduct that caused it, it is, indeed, possible, on occasions, to bar an action even before the cause of action accrues." Prokolkin v. General Motors Corporation, supra, 296; see also Bilcinskas [Vilcinskas] v. Sears, Roebuck Co., supra, 174. CT Page 10809
Protter v. Brown Thompson Co., supra, 364-65. The "act or omission complained of for the purposes of Kapetan's indemnification claim against STO in the fifth count of the revised amended complaint is the alleged negligence of STO in that "it failed to advise either Gullotta or Kapetan, Inc. that anything was wrong with the manner of the application and use of its products in the erection and installation of the walls; and STO Industries was negligent in that it should have known that its products would fail . . . because of inferior products." (Fifth Count para. 10). STO argues in its memoranda that if STO were negligent with regard to the construction of the Partnership project the negligence would have had to have occurred prior to the completion of the project in January, 1984. STO concludes that Kapetan filed its third-party complaint on August 8, 1988 which is more than three years from the date of the act or omission complained of and therefore Kapetan's indemnification claim is barred by the three year statute of limitations period prescribed by General Statutes 52-577.
In support of its argument that the project was completed in January 1984, STO has submitted that it identifies as a copy of the deposition transcript of the project architect, David Connell dated June 12, 1989 and a copy of a certificate of occupancy. STO has also submitted what it identifies as copies of the depositions of Kapetan Construction Superintendent, William Hubbell, Vincent Gullotta, president of Gullotta, and Gullotta construction foreman, John MacKenzie and pages of the job meeting minutes dated October 6, 1983 in support of when the alleged negligent work was performed. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath disclosures, written admissions and the like." Practice Book 380. STO's documents in support of its motion are not certified nor is there any affidavit attached attesting to their authenticity. Further, the individual deponents are not identified in the pages of the depositions but are only identified in STO's briefs. STO's documentation in support of its motion as attached cannot be relied upon under Practice Book 380 as to determining that there is no genuine issue as to any material fact regarding the date of when the allegedly negligent acts took place for the purpose of determining whether the statute of limitations has run. Accordingly, STO has not satisfied its burden in regard to its argument that Kapetan's indemnification claim is time barred.
STO next argues that the claims for indemnification are CT Page 10810 deficient in that Kapetan has failed to allege the existence of an independent legal relationship between the indemnitor and indemnitee sufficient to set forth a legally cognizable claim for indemnification.
In a claim for indemnification grounded in tort "reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petrol Plus of Naugatuck, Inc., surpa, 74.
 Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."
(Citations omitted.) Id. In Atkinson v. Berloni, 23 Conn. App. 325,328, 580 A.2d 84 (1990), the Appellate Court added a fifth element that "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id.
The Superior Court is divided as to whether Atkinson should be followed. The fifth element of Atkinson was adopted in the following cases: Camp v. Zambarano, 4 CTLR 142 (May 24, 1991, Fuller, J.); Sandstrom v. Murray, 3 Conn. L. Rptr. 513 (April 29, 1991, Hendel, J.); Johnson v. Greenwood Terrace Condo Assoc.,3 Conn. L. Rptr. 486 (April 15, 1991, Fuller, J.). The fifth element was not adopted in Commercial Union Insurance Co. v. New Haven,3 Conn. L. Rptr. 453 (April 10, 1991, Dorsey, J.). Without deciding whether the fifth element of Atkinson is required, Kapetan has sufficiently pled an independent legal relationship. In its third party revised amended complaint Kapetan alleges that Gullotta used STO's products, installation and guidance to perform the work under its contract with Kapetan, Kapetan also alleges that although STO had a representative on the building site during the application of its product, it failed to advise Gullotta or Kapetan that anything was wrong with the manner of the application and use of its product CT Page 10811 on the walls. Although Kapetan did not allege a contractual relationship between itself and STO, it did allege that the Partnership hired Kapetan and that Kapetan entered into a subcontract with Gullotta who used STO's products, installation and guidance to perform that work and that STO's representative oversaw the application and use of its product. In viewing the third party complaint in a broad manner and in favor of Kapetan, an independent legal relationship has been alleged sufficient to state a claim for indemnification. See Murphy v. Town of East Windsor, 5 CTLR 495 (January 27, 1992, Walsh, J.). (A sufficient relationship exists to support a third party claim for indemnification in tort brought by contractor hired by a town to perform construction against an engineering firm independently hired to supervise the contractor's work).
Accordingly, the Motion for Summary Judge is denied because an independent legal relationship has been sufficiently alleged and STO has failed to satisfy its burden that Kapetan's indemnification claim is time barred.
SYLVESTER, J.