[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATED APRIL 5, 1995
Vanessa Wilkins, the plaintiff in this action, is a Massachusetts resident. She was sued in Massachusetts by one Catherine Beck for injuries Beck suffered in a Vermont skiing accident. Wilkins brings this action against Nanci Fox, a Connecticut resident, claiming that Fox was negligent in the skiing accident. However, Beck has made no such claim in the Massachusetts action and has not sued Fox. The Massachusetts action is still pending and Wilkins has not been found liable to Beck.
In the first count of the complaint, plaintiff seeks indemnification from Fox, claiming that the plaintiff "may be liable for a judgment that may be rendered against her in Massachusetts."
In the second count of the complaint, plaintiff is seeking contribution "for the proportionate share of damages caused to Beck" as a result of Fox's negligence.
Defendant Fox has moved to strike both counts of the complaint.
The court holds that the indemnification count should be stricken.
In Connecticut under common law indemnification does not accrue until a final judgment is rendered in the primary action.McEvoy v. Waterbury, 92 Conn. 664, 666-67 (1918). This rule has been modified by Practice Book § 117 and General Statutes § 52-102a, both of which provide for impleader.
However, there is nothing in either of these sections that allows a separate action for indemnification. The objectives of third party practice are to "facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials." Schurgast v. Schuman, 156 Conn. 471, 485 (1968). The plaintiff's claim for indemnification is not brought as a third-party action, nor has a judgment been rendered in the Massachusetts action against her. Thus there is no common law or procedural basis upon which plaintiff may rely to support her claim for indemnification. Furthermore, no public policy of facilitating litigation or promoting judicial economy would be served by allowing plaintiff to maintain this premature action CT Page 6174 for indemnification.
The court also holds that the contribution count should be stricken. In regard to the right of contribution, General Statutes § 52-572h(h) provides:
"(1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment."
"(2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim."
Our courts have held that the "right to contribution attaches only after a final judgment has been rendered in a plaintiff's action and a defendant has been required to pay more than his proportionate share of the judgment in that action." Ortiz v.Douglas, 9 Conn. L. Rptr. 62, 1993 Ct. Casebase 4228 (April 27, 1993) (citations omitted.)
Counts one and two are stricken.